O'BRIEN, P. J., PATTERSON, McLAUGHLIN and HOUGHTON, JJ., concurred.

Judgment affirmed, with costs, with leave to plaintiff to reply on the terms stated in opinion.

---

In the Matter of the Judicial Settlement of the Account of Proceedings of JOHN M. BOWERS, as Sole Surviving Executor of and Trustee under the Last Will and Testament of WILLIAM B. COOPER, JR., Deceased.

THEODORE P. COOPER and Others, Appellants; JOHN M. BOWERS, as Sole Surviving Executor of and Trustee under the Last Will and Testament of WILLIAM B. COOPER, JR., Deceased, and MATILDA H. COOPER, as Executrix, etc., of EDWARD A. COOPER, Deceased, Respondents.

First Department, December, 1905.

Trust — when those entitled to principal of trust created by will to be ascertained at death of life beneficiary — when heirs and next of kin dying before beneficiary to be excluded.

When a will provides that on the death of the beneficiary of a trust estate therein created, the executors and trustees "transfer, set over, and convey my entire residuary estate with all accumulations of income then on hand, to my heirs at law and next of kin, whosoever they may be," no vested interest is created in the heirs and next of kin living at the testator's death, but those entitled to take are to be ascertained only at the death of the life beneficiary.

Hence, the widow and sole legatee of a brother of the testator, who, though living at his death, has predeceased such beneficiary, is not entitled to share in the principal of the trust estate.

APPEAL by Theodore P. Cooper and others from certain portions of a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 22d day of May, 1905, directing a distribution of the estate of William B. Cooper, Jr., deceased.

*James W. Gerard,* for the appellants.

*James E. Duross,* for the respondent executrix.

*Latham G. Reed,* for the respondent trustee.

PATTERSON, J.:

By a decree of a surrogate of the county of New York distribution was made of the estate of William B. Cooper, Jr. The decree declares that the respondent Matilda H. Cooper, as executrix of Edward A. Cooper, is entitled to share in the distribution of the estate. The determination of the surrogate necessarily involved the construction of a clause of Mr. Cooper's will. After directing the payment of his debts and funeral expenses the testator gave a legacy to his friend, Harriette L. Berlin, and then all the rest, residue and remainder of his estate of every name and nature to his executors upon special trust and confidence to enter in and upon the same, to sell and dispose of the real estate, to get in and dispose of the personal property and to have and to hold the same, to receive the rents, issues and profits thereof or arising therefrom, or arising from any reinvestment thereof, and after taking a reasonable compensation, which the testator fixed at five per cent, both upon corpus and income, in lieu of the statutory commissions, to apply the said net income, rents, issues and profits to the use of Harriette L. Berlin, for and during the term of her natural life. The testator then provided as follows: "From and after the death of the said Harriette L. Berlin, I direct my executors and trustees and the survivor of them and his successor and successors to transfer, set over and convey my entire residuary estate, with all accumulations of income then on hand, to my heirs at law and next of kin; *whosoever they may be.*"

The testator died on the 25th day of September, 1891. Mrs. Berlin, the primary beneficiary, died on the 9th day of August, 1904. Edward A. Cooper, a brother of the testator, died during

the lifetime of Harriette L. Berlin, namely, on the 20th day of January, 1902, leaving a last will and testament by which he appointed his wife, Matilda H. Cooper, his executrix and sole legatee. The testator's sisters, Katherine M. and Alice B., and his brother, Theodore P. Cooper, and a nephew, Henry W. Cooper, son of a deceased brother, survived Mrs. Berlin, the life beneficiary. The question now arising is, who are entitled under the clause of the will above quoted to take the interests in remainder? The surrogate found that Matilda H. Cooper was entitled to take a share under the will of her husband, for the reason that the remainders were vested in all the brothers and sisters of the testator. In other words, the question is whether the estate should be divided into five parts, or be wholly divided among the four persons answering the description of next of kin, at the death of Mrs. Berlin. The inquiry is, of course, to ascertain the intention of the testator, and it seems to us that the learned surrogate was wrong in his inclusion of Edward A. Cooper as one of the next of kin. It is quite apparent from the structure of the instrument that the primary object of the testator was to provide for Mrs. Berlin. The estate was in the trustees for the purpose of the trust. There is no gift of a remainder that vested either in interest or possession until Mrs. Berlin's death, and unless we entirely misconstrue the meaning of the testator he so intended. The gift over is after the death of the life tenant and is to be found only in the direction to convey. It is not the case of the death of a life beneficiary in the lifetime of the testator, but here is a specific direction to convey on the expiration of a trust term and estate to those then entitled to take, or as the testator says in his own words, "whosoever they may be." Words of futurity are annexed to the gift, and it is plain, we think, that the testator did not intend that there should be an ascertainment of the persons who would take ultimately until after the death of the life beneficiary and the expiration of the trust for her benefit. Then the corpus was to be transferred to those who would be heirs at law or next of kin, "whosoever they may be," not "whosoever they now are."

We are to give effect to wills according to the intention of the testator and not according to what we think might be a proper testamentary disposition. There was no vesting of remainders in

this case, such as would include the deceased brother of the testator. The learned surrogate says that the testator was quite indifferent as to who the persons should be who would respond to the description of heirs at law or next of kin, and in that remark we concur, but the testator manifestly left it to those who as his then next of kin could take upon the death of Mrs. Berlin.

There is an appeal concerning the commissions awarded to the executor, but as that has been withdrawn by a written stipulation filed with this court, it will not be given further consideration.

The decree of the surrogate is affirmed, so far as the executor's commissions are involved, and it is reversed, so far as the distribution is allowed among the five instead of four persons answering the description of next of kin of the testator at the time of the expiration of the trust estate, with costs to the appellant and executor to be paid out of the estate.

Decree modified accordingly.

O'BRIEN, P. J., INGRAHAM, CLARKE and HOUGHTON, JJ., concurred.

Decree modified as directed in opinion, with costs to the appellant and executors to be paid out of the estate.