In the Matter of the Will of OSCAR W. BUMP, Deceased.

GUARANTY TRUST COMPANY OF NEW YORK, as Executor of ETHALAIDE BUMP, Deceased, and as Administrator with the Will Annexed of the Estate of ETHA L. BUMP, Deceased, et al., Appellants; HIRAM D. ALLEN et al., Respondents.

Will — construction — interpretation of word "heirs"— where gift to "heirs" is a present one, speaking as of death of testator, those who in fact are his heirs are designated.

1. In the construction of a will the intent of the testator is sought as exhibited by the words he has selected. Canons of construction may aid. Slight variations of phrase, however, or differences in arrangement may lead to opposite results.

2. Primarily, the word "heirs" is to be interpreted in its natural sense — those who are heirs at the death of the testator. It is only when a contrary intention appears that this presumption fails.

3. Where testator by his will gave all of his property to his wife for life with remainder to his daughter if living or to her issue if dead and in default of issue of the daughter, if she predeceased her mother, directed that the income should be paid to his sisters or the survivor of them for life, and then further provided, "subject to the foregoing

provisions, I give, devise and bequeath the corpus of my estate, or what is left of it after the death of my wife, to such persons as would be entitled to the same as my heirs under the intestate laws of the State of New York absolutely," the remainder, dependent upon the life of a surviving sister, vested in the daughter upon the death of testator. The gift is a present gift, speaking as of the death of testator and under such a gift to " heirs," presumptively, the testator designates those who in fact are his heirs.

*Matter of Bump*, 197 App. Div. 917, reversed.

(Argued June 2, 1922; decided July 12, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 4, 1921, which reversed a decree of the Steuben County Surrogate's Court construing the will of Oscar W. Bump, deceased, and remitted the matter to the surrogate for further proceeding in accordance with its decision.

*John W. Davis* for Guaranty Trust Company, as executor, etc., appellant. The expression " such persons as would be entitled to the same as my heirs under the intestate laws of the State of New York," as used in this will, must be construed as of the date of the testator's death. (*Nelson* v. *Russell*, 135 N. Y. 137; *Smith* v. *Edwards*, 88 N. Y. 92; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Wadsworth* v. *Murray*, 161 N. Y. 274; *Bullock* v. *Downes*, 9 H. L. Cas. 1; *Mortimer* v. *Mortimer*, 4 A. C. 448; *Urquhart* v. *Urquhart*, 13 Simons, 613; *Wrightson* v. *Macauley*, 14 M. & W. 213; *Matter of Hutchinson*, 1920 A. C. 794; *Killett* v. *Shepard*, 139 Ill. 433.)

*Herbert A. Heminway* for Gertrude M. Bump, individually and as administratrix, appellant. The phrase " such persons as would be entitled to the same as my heirs " does not include his widow. (*Luce* v. *Dunham*, 69 N. Y. 36; *Keteltas* v. *Keteltas*, 72 N. Y. 312; *Tillman*

v. *Sullivan*, 63 How. Pr. 355; *Tillman* v. *Davis*, 95 N. Y. 17; *Matter of Sinzheimer*, 5 Dem. 321; *Platt* v. *Mickle*, 137 N. Y. 106; *Snider* v. *Snider*, 11 App. Div. 171; *Matter of Devoe*, 171 N. Y. 281; *Burns* v. *Burns*, 190 N. Y. 211.) The daughter took nothing under the final residuary clause. (*U. S. Trust Co.* v. *Littman*, 103 Misc. Rep. 432; *Met. Trust Co.* v. *Kraus*, 186 App. Div. 368; *Southworth's Estate*, 52 Misc. Rep. 86; 102 App. Div. 447; *Lewis* v. *Palmer*, 167 N. Y. Supp. 1053; *Camp* v. *Cronkright*, 59 Hun, 488; *Flanagan* v. *Staples*, 28 App. Div. 319; *Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 130; *Pinkham* v. *Blair*, 58 N. H. 226.) The sister, Gertrude M. Bump, is entitled to the corpus of the estate under the final residuary clause of the will. (*Doctor* v. *Hughes*, 225 N. Y. 313; *Adams* v. *Becker*, 28 N. Y. S. R. 910; *Kelso* v. *Lorillard*, 85 N. Y. 177; *Vanderzee* v. *Slingerland*, 24 N. Y. Wkly. Dig. 475; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 136; *Hill* v. *Sangamon L. & T. Co.*, 129 N. E. Rep. 554.)

*Thomas Shannon* and *James McCall* for Hiram D. Allen et al., respondents. The meaning of the will is that after the expiration of the life estate of the widow, Ethalaide Bump, and the life estate given to the sister, Gertrude M. Bump, survivor of herself and her sister, Eudora Foote, the corpus of the estate shall vest in and become the property of the heirs of Oscar W. Bump, as ascertained as of the date of the death of Gertrude M. Bump, the last life tenant. (*Van Nostrand* v. *Moore*, 52 N. Y. 12; *Oleson* v. *Soneogyi*, 107 Atl. Rep. 798; *Salter* v. *Drowne*, 205 N. Y. 214; *Met. Trust Co.* v. *Kraus*, 186 App. Div. 368; *Matter of Griffin*, 75 Misc. Rep. 441.)

*John C. Wheeler*, special guardian, for Jane A. Arnold, infant, respondent. The meaning of the final limitation in the will is that, after the expiration of the life estate

of the widow, and the life estate given to the surviving sister, Gertrude M. Bump, the corpus will vest in those persons who, at the death of Gertrude M. Bump, the last life tenant, were then the heirs at law of Oscar W. Bump. (*Heard* v. *Read,* 169 Mass. 216; *Wallace* v. *Diehl,* 202 N. Y. 156; *Vanderzee* v. *Slingerland,* 103 N. Y. 55; *Matter of Cramer,* 170 N. Y. 271; *Matter of Baer,* 147 N. Y. 348; *Cammann* v. *Bailey,* 210 N. Y. 19; *Van Nostrand* v. *Moore,* 52 N. Y. 12; *Matter of Cooper,* 109 App. Div. 566; *Welch* v. *Brimer,* 159 Mass. 204; *Gourdin* v. *Shewsbury,* 11 S. C. 1; *Butler* v. *Bushnell,* 3 M. & K. 232; *Oleson* v. *Soneogyi,* 107 Atl. Rep. 798.)

ANDREWS, J. In the construction of a will we seek the intent of the testator as exhibited by the words he has selected. Canons of construction may aid us. Based as they are upon general considerations; upon guesses as to what the average man would intend by this expression or by that, we rest upon them in the absence of more certain indications. Slight variations of phrase, however, or differences in arrangement may lead us to opposite results.

Oscar W. Bump executed his will in 1899. He then had a wife and daughter and there were two living sisters, two aunts and a number of cousins. One sister died in 1900 and Mr. Bump himself in 1907. By his will he gave all his property to his wife for life with the right to use as much of the principal as she thought necessary for her support and that of his daughter and with remainder to his daughter in fee if living or to her issue if dead. But if the daughter died before the wife without issue, then he gave the income of his estate or of the residue thereof to his sisters or to the survivor of them for life. Having proceeded so far the testator must have realized that in the contingency for which he had just provided, the estate in remainder was not given to any one. Therefore, he added the clause:

[234 N. Y. 60]        Opinion, per ANDREWS, J.                [July,

" Subject to the foregoing provisions, I give, devise and bequeath the corpus of my estate, or what is left of it after the death of my wife, to such persons as would be entitled to the same as my heirs under the intestate laws of the State of New York absolutely."

The dispute centers about this clause. Who were designated by the word " heirs? " Miss Bump died before her mother, unmarried. Mrs. Bump is also dead. If he was speaking as of the time of his own death, the remainder, dependent on the life of the surviving sister, vested in the daughter. If he referred to the death of his wife, it vested in the surviving sister. If to the death of this sister, it would then vest in such aunts and cousins as may be living at that time. The surrogate chose the second alternative; the Appellate Division the third. We select the first.

The contingency that actually occurred was not one of which the testator had been unmindful. Even now he makes provision for such a case. If his daughter or her issue survived the wife the entire estate is disposed of. What if she does not? He wishes his sisters to have a life estate. He knows that in the event supposed his sisters will then be his heirs. Is it possible that he intended to designate them by the use of that word; that in two succeeding clauses he first carefully provides for a life estate in their favor and then in addition gives them the fee? We think not.

To some extent the same reasoning applies to his daughter and her issue. To them goes the fee if they survive his wife. Does he intend also to give it to them if they do not? It is less unlikely than in the former case, for it does not go to them directly. There is first carved from it the life estate of the sisters and only when that is exhausted does the remainder take effect.

We have, therefore, a devise and bequest to heirs. Primarily, this word is to be interpreted in its natural sense — those who are heirs at the death of the testator.

(*Nelson* v. *Russell*, 135 N. Y. 137.)  It is only when a contrary intention appears that this presumption fails. We do not find such an intent expressed here.  The use of the word "heirs" in the plural we regard as immaterial.  We cannot believe that the testator in using such a typical expression chose deliberately between the singular and the plural form and by the latter indicated the collaterals who were many rather than the daughter who was one.  Nor do we attach importance to the phrase "such persons as would be entitled  *  *  *  as my heirs."  While speaking as of the death of the testator, the will was prepared some years before.  When writing it he refers to the future.  "As would be my heirs at the time of my death" or "as would be my heirs at the termination of the life estate."  One intent is as likely as the other.  We have a description of what is devised or bequeathed.  "The corpus of my estate or what is left of it after the death of my wife."  As she was specifically authorized to use the principal, here again we are given no light as to the meaning of Mr. Bump.  On the contrary, as supporting the conclusion we have reached, there is the general rule that the law favors the vesting of estates.  We have the fact also that the gift is a present one.  Futurity is not annexed to it as where the only gift is contained in the direction to divide and pay over at some future date.

We confess that this search for the meaning of the testator from indications such as we have adverted to is somewhat unsatisfactory.  Very possibly it is an attempt to read into the testator's mind something of which he took no thought.  While in the contingency which has occurred he did intend to dispose of the remainder of his estate, very possibly he had no fixed idea as to who his heirs should be.  Very possibly all that he had in mind was to care for his wife, his daughter and her issue and his sisters.  When that was once

accomplished all was done that he desired to do.  As to any remainder of his estate he had no particular design. Let it go as the law directs.  He did not envisage the issue, if any, of his sisters, or if none survived his aunts and cousins as a class whom he desired to benefit.  It is said if our interpretation is correct the whole clause is useless; that his estate follows the course it would have taken if it had been omitted.  This is true.  But it is not unusual to give by will to those who would take under our intestate statutes.  The fact is we attempt, as we must, to supply an intent to the testator when in fact no particular intent may have been present.  In doing so we rest on two propositions:

1. The gift is a present gift, speaking as of the death of the testator.

2. Under such a gift to " heirs " presumptively the testator designates those who in fact are his heirs.

The order of the Appellate Division and the decree of the surrogate must be reversed and the matter must be remitted to the surrogate to proceed in accordance with this opinion, with costs payable out of the estate to the Guaranty Trust Company of New York as executor and administrator.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN and CRANE, JJ., concur; HOGAN, J., concurs in result; POUND, J., dissents.

Ordered accordingly.