THE FARMERS' LOAN AND TRUST COMPANY, as Substituted Trustee under a Deed of Trust Made by EDWARD S. WHITE, Respondent, *v.* ANGELE I. CALLAN, Appellant, and ANNA M. PURCELL, as Administratrix of the Estate of BRIDGET WHITE, Deceased, Impleaded with Others.

Trust — deed — decedent's estate — construction of deed of trust — clear intent of grantor may not be defeated by technical rules of construction — deed of trust directing that remainder be divided between persons who would be entitled thereto had grantor died possessed thereof — erroneous holding that class became fixed at date of grantor's death — class determined at date life estate ended where intent that property should go to next of kin then living is manifest.

1. When the courts are called upon to determine the intention of a testator where expression of intention is obscure, or where the testator may have failed to envisage a contingency which has arisen and to formulate in his own mind any intention of how such contingency should be met, canons of construction are useful guides through the maze of uncertainty and conjecture which obstructs any definite conclusion as to the testator's probable intention.   Inference may be based upon presumptions where a sounder foundation is lacking. But no technical rules of construction, no artificial analysis of language

31

used, may defeat intention where that intention is manifest in the language of the instrument itself. Where a grantor or testator clearly discloses the sense in which he intended the words he has used should be understood, the courts construe them in no other sense, though such use be inartificial or even inaccurate.

2. Where, under the terms of a trust deed for the benefit of his wife, the grantor provided that upon the death of the wife the remainder should be paid to his children, or their descendants, and if none be living, to such descendant or descendants of the grantor's father as his wife might by her will have designated, and in default of such appointment to " the same persons who would have been entitled thereto had the party of the first part died possessed thereof a resident of the State," and in an action asking for a judicial construction of the trust deed it appears that the grantor died intestate many years before his wife; that their only son also died intestate and unmarried before the death of his mother leaving her his only heir at law and next of kin, and that the wife died intestate, so that the power of disposition conferred upon her was never executed, it must be held that the words " the same persons who would have been entitled thereto had the party of the first part died possessed thereof " mean those persons who would have been entitled to the property if the grantor had died possessed thereof at the date when the life estate came to an end. Under this construction the property must be distributed among the group of the grantor's relatives from which alone the wife might have chosen a beneficiary and the intent of the grantor that the property should go to descendants of his father is manifest.

3. It was, therefore, error to hold that the class of persons who would have been entitled to the property had the grantor " died possessed thereof " became fixed at the actual date of the grantor's death, so that at the death of the wife, intestate and without children, her relatives, strangers to the blood of the grantor, succeeded to any remainder. The grantor indicated unmistakably that if no descendants of his own survived, he intended that his father's descendants, his nearest blood relatives, should be preferred to the strangers who might be the personal representatives or legatees of his wife and of his descendants living at his death.

*Farmers' Loan & Trust Co.* v. *Callan,* 218 App. Div. 832, reversed.

(Argued October 13, 1927; decided November 22, 1927.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1926, unanimously

affirming an interlocutory judgment settling the accounts of the trustee herein and construing the deed of trust, entered upon a decision of the court on trial at Special Term.

*John T. Loughran* and *Charles A. Buckley* for appellant. The deed of trust itself demonstrates the clear intent of the settlor, in the present situation, to transmit the trust principal to his own blood, to the exclusion of collaterals of his wife. (*Matter of Parsons*, 242 N. Y. 246; *Robinson v. Martin*, 200 N. Y. 159; *Matter of Union Trust Co.*, 179 N. Y. 261; *United States Trust Co. v. Nathan*, 112 Misc. Rep. 502; 196 App. Div. 126; 233 N. Y. 505; *Wright v. Miller*, 8 N. Y. 9; *Knowlton v. Atkins*, 134 N. Y. 313; *Williams v. Jones*, 166 N. Y. 522.) The text of the provision for ultimate distribution of the trust principal confirms the intent of the settlor to prefer his own blood over that of his wife. (*Robinson v. Martin*, 200 N. Y. 159; *May v. May*, 209 App. Div. 19; *Salter v. Drowne*, 205 N. Y. 104.)

*George C. Austin* for respondents. Any estate or interest in property as to which one dies intestate passes to his next of kin or heirs at law, who are to be determined at the date of his death. (*Clark v. Camman*, 160 N. Y. 315; *Doane v. Mercantile Trust Co.*, 160 N. Y. 494; *Matter of Wilcox*, 194 N. Y. 288; *Matter of King*, 217 N. Y. 358.) The language of the deed of trust clearly shows the intention of the settlor that the persons to take the principal of the trust estate are to be ascertained at the date of his death. (*Matter of Buechner*, 226 N. Y. 440; *United States Trust Co. v. Taylor*, 193 App. Div. 153; 232 N. Y. 609.)

LEHMAN, J. Edward Stephen White executed a trust deed on or about March 29th, 1882, whereby he transferred to trustees named in the deed an undivided one-

half part of all his share and interest in the estate, property and effects of his father, Lewis J. White, who had died in the year 1875. The deed recites that the grantor had " intermarried with Bridget Hurley and has one child, fruit of said marriage, now living and is desirous of making provision for the support of his said wife and child and of any child or children hereafter to be borne to him." To carry out this purpose the grantor provided that the trustees should hold the trust fund during the lifetime of his wife, Bridget, and should apply to the use of or pay to the said Bridget the whole of the net income of said trust estate. He further provided in the trust deed that upon the death of the said Bridget leaving any descendant or descendants of the grantor her surviving, the trustees should " pay over and distribute the capital of said trust estate to and amongst the children of the said party of the first part [the grantor] and any child or children of a child of said party of the first part who may have died in the lifetime of the said Bridget, in equal shares, *per stirpes* and not *per capita.*" Bridget, the wife, died on November 4th, 1923. The grantor had died intestate long before. His son and only child died in 1917 intestate and unmarried, leaving as his only heir at law and next of kin his mother, Bridget White. The plaintiff as substituted trustee under the trust deed has brought this action to account for its proceedings as trustee, and it asks for a judicial construction of the trust deeds and for a definition of the rights, shares and interests of the parties defendant in the trust fund remaining in the plaintiff's hands.

The purpose of the grantor to provide for his descendants after the death of his wife has been thwarted by the circumstance that no descendant survived his wife. He provided for such contingency by a clause in the trust deed:

" And in the event of the decease of the said Bridget without leaving any child or descendant of a deceased

child of the said party of the first part her surviving, then, upon the death of the said Bridget, to pay over and distribute the capital of said trust estate and all net income thereon accrued, to such person or persons, being a descendant or descendants of the said Lewis J. White, the father of the said party of the first part, and in such shares as the said Bridget may, by her last will and testament, or instrument in the nature of a last will and testament executed in the presence of at least two subscribing witnesses, designate and appoint. And in default of such appointment, then, upon the death of the said Bridget without leaving any child or descendant of a deceased child of the said party of the first part her surviving, to pay and distribute the said trust estate, and all accrued net income thereof, to and amongst the same persons who would have been entitled thereto had the said party of the first part died possessed thereof a resident of the State of New York, and in the same proportions in which they would have been so entitled thereto."

Angele Irene Callan, a sister of the grantor, survived his wife. She, together with her children and grandchildren, are the only living descendants of the grantor's father, Lewis J. White. By unambiguous language the grantor has expressed his intention that if no descendants of his own survived at the time the life estate came to an end, the trust fund should be paid over to or distributed among the descendants of his father, from whom the grantor had received the property. He gave to his wife the power to choose the person or persons within the designated group who might share in the distribution of the estate, and to determine the portion which each should receive. He gave her no power to choose a beneficiary from outside that group. Bridget, the wife, died intestate. The power conferred upon her under the trust deed was never executed. The grantor's property must now under the terms of the trust deed be divided

" among the same persons who would have been entitled thereto had the said party of the first part died possessed thereof a resident of the State of New York and in the same proportions in which they would have been so entitled."

If the words " among the same persons who would have been entitled thereto had the said party of the first part died possessed thereof " mean those persons who would have been entitled to the property if the grantor had died possessed thereof at the date when the life estate came to an end, then the purpose of the testator that the property should go to the descendants of his father, from whom he received the property, will be carried out. In default of surviving descendants of his own, the descendants of his father would constitute his heirs at law and next of kin.

The courts below have given the words of the trust deed a different construction. They have held that the class of persons who would have been entitled to the property had the grantor " died possessed thereof " became fixed at the actual date of the grantor's death. At that time the grantor's wife and son survived. They were entitled to any property which the grantor possessed. At the death of the son, unmarried and intestate, the wife succeeded to any remainder or interest the son might have had in the trust estate. At the death of the wife, intestate and without children, her relatives, strangers to the blood of the grantor, succeeded to any remainder or interest she may have had in the same property. Under the construction placed upon the language of the trust deed by the courts below, the failure of the wife to exercise her limited power to determine how the trust property should be divided among the members of the group selected as beneficiaries by the grantor, has deprived the whole group of any share in the trust fund and has placed the whole fund in the wife's estate.

The grantor has described the class who should take at the death of the life tenant, if at that time no descendants

of his own survived, and his wife failed to exercise her power of appointment of beneficiaries from the group constituting the grantor's nearest surviving blood relatives. We must give to the grantor's intent as expressed in that description full effect. Under accepted canons of construction, the courts, in the absence of evidence of contrary intention, have in many cases construed wills which contained a similar description, of the class who should take after the death of a life tenant, as designating a class composed of the persons who answer the description at the time of the death of the testator and not at the time of distribution. (*Matter of Bump,* 234 N. Y. 60; *Matter of White,* 213 App. Div. 82.)    Doubtless when the courts are called upon to determine the intention of a testator where expression of intention is obscure, or where the testator may indeed have failed to envisage a contingency which has arisen and to formulate in his own mind any intention of how such contingency should be met, canons of construction are useful guides through the maze of uncertainty and conjecture which obstructs any definite conclusion as to the testator's probable intention. Inference may be based upon presumptions where a sounder foundation is lacking.    No technical rules of construction, no artificial analysis of language used, may defeat intention where that intention is manifest in the language of the instrument itself.    Where a grantor or testator clearly discloses the sense in which he intended the words he has used should be understood, the courts construe them in no other sense, though such use be inartificial or even inaccurate according to the dictionary.    Here we find that the grantor has clearly disclosed that he intended by the use of the words " persons who would have been entitled " to the property had the grantor " died possessed thereof," to indicate those persons and those persons only who would have been entitled thereto had the grantor died possessed thereof at the time the life estate came to an end.

The intent of the grantor that the property received from his father should go to the descendants of his father is manifest. It pervades all the provisions for the disposition of the property. The wife might appoint a beneficiary, but only from the group the grantor intended to prefer. Provision is made for distribution of the property in case of default in the exercise of that power of appointment. Under one construction of the language of that provision the property must be distributed among the group of the grantor's relatives from which alone the wife might have chosen a beneficiary. Under the other construction the grantor's blood relatives could not share in the property, unless the wife chose to make a disposition in their favor. Canons of construction rigidly applied may lead to the latter construction. Nevertheless that must be discarded, for it defeats the clearly apparent intention of the grantor which colors and gives new significance to his words.

The administratrix of the deceased wife relies for authority for the construction in her favor of the trust deed upon the case of *Matter of White (supra)*. In that case the court was called upon to construe the will of Lewis J. White, Jr., a brother of Edward S. White, the grantor under the trust deed which we are construing. Lewis J. White, Jr., under his will bequeathed one-half of his residuary estate in trust for Bridget, the wife of his brother Edward S. White. He bequeathed the remainder upon her death to the issue her surviving of her marriage with his brother. In default of such issue, he bequeathed the remainder to his brother if he survived. In the event that the said Bridget survived her husband and their issue, he provided that " I give, devise and bequeath the said share to the same persons who would have been entitled thereto and in the same proportions in which they would have been so entitled under the laws of the State of New York had I died seized and possessed thereof and intestate." At the death of the

life tenant he left surviving two brothers and his sister, Angele I. Callan. At the death of the life tenant only Angele I. Callan survived. The courts were called upon to determine whether under the language of the will the trust fund should be divided among the testator's heirs and next of kin living at his death, or should go in whole to Angele I. Callan, who alone survived at the death of the life tenant. In construing the will the court held that the trust fund must be distributed among the heirs and next of kin of the testator living at his death. In construing the trust deed we hold, despite apparent similarity in language, that the trust fund must be distributed among the group who would have been the grantor's heirs and next of kin if he had died at the time the life estate came to an end.

The language of the will imports, under technical rules of construction, a present gift to the remaindermen. The language of the trust deed under similar rules of construction creates a future gift. Since the remaindermen, under the will, were the heirs and next of kin of the *testator*, of necessity his death must have occurred before the courts could be called upon to determine the class who would take the remainder. Since the remaindermen under the deed were the heirs and next of kin of a living grantor who might survive the life tenant, the court might be called upon to determine the class who would take the remainder while the grantor was still living. Perhaps distinction might be based upon such considerations. We prefer to base decision upon the fact that in the trust deed the grantor indicated clearly an intention that would be frustrated through a construction based on technical canons, and in the will the testator indicated no such intention. The testator was childless. He expressed an intention to prefer his brother or his brother's children, if any survived the life tenant. Death before the life tenant alone prevented them from enjoying the intended preference. Whether on the happening of that

contingency the testator would have preferred that the remainder should go to his heirs and next of kin living at his death or to such persons as would have occupied that relation to him if his death had been postponed till the moment of distribution, must rest largely on conjecture. It may well be that he was entirely indifferent. In such case the courts must construe the words in accordance with their primary meaning, using established technical rules of construction, for the testator has furnished the court with no other guide to his intention.

When the trust deed was executed, those who would have been entitled to the grantor's property if he at that time died intestate were his wife and son. To his wife he gave the life estate; to such descendants as might survive his wife he gave the remainder. He indicated unmistakably that if no descendants of his own survived, he intended that his father's descendants, his nearest blood relatives, should be preferred to the strangers who might be the personal representatives or legatees of his wife and of his descendants living at his death. Read in the light of that intention, the words he has used lose all obscurity.

The judgment of the Appellate Division and that of the Special Term as far as appealed from should be reversed, and judgment ordered in accordance with this opinion, with costs to appellants in this court and the Appellate Division payable out of the fund.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.