In the Matter of the Judicial Settlement of the Accounts of FRED S. HALLENBECK, as Substituted Trustee of the Last Will and Testament of JOHN C. NEWKIRK, Deceased.

MARY S. HAVILAND, Appellant; FRED S. HALLENBECK and Others, Respondents.

Third Department, June 30, 1931.

*John W. Eckert,* for the appellant.

*J. N. Vanderlyn* [*G. D. B. Hasbrouck* of counsel], for the respondent John N. Vanderlyn.

VAN KIRK, P. J. We have before us the construction of the will of John C. Newkirk, deceased. The paragraph to be construed is the 5th. After giving, devising and bequeathing unto his executors in trust all of his property, with power of sale of real estate, and with power to keep the proceeds invested, it provides that the executors " pay over at least annually to my said adopted daughter Agnes the income of my said residuary real and personal estate * * * during her natural life * * *. And I further direct that upon the death of the said Agnes, my said executors pay over the whole principal sum and estate with the interest unpaid, * * * unto the lawful issue of my said adopted daughter Agnes, to be distributed among them according

to the law of the State of New York for the distribution of intestates' estates. And in case the said Agnes shall die without leaving lawful issue or descendants, then after payment therefrom [of] the proper funeral expenses of the said Agnes, pay over and distribute the said principal fund and property then held by them under the trust above provided with the unpaid interest, to and among my next of kin, according to the law of the State of New York for the distribution of the estates of intestates.''

This will was made in 1887; testator died in 1890; Agnes Newkirk died in 1930, no lawful issue or descendants her surviving. The testator was survived by his sister, Elizabeth Vanderlyn. She predeceased Agnes Newkirk, leaving her surviving a son, John, and two daughters, Emma Vanderlyn and Elizabeth Sinsabaugh. The son is living. The two daughters predeceased Agnes. Elizabeth left her surviving two sons and three daughters who are still living. Emma left a will, in which she gave most of her estate to Joseph Vanderlyn, her nephew. Joseph died in 1917, leaving a will by which he gave his property to the appellant Mary Vanderlyn, the widow of the deceased nephew, now, having remarried, Mary S. Haviland. She has an interest in the estate only in case the '' next of kin,'' to whom the deceased gave the principal fund, were his next of kin at the time of his death.

The surrogate has ordered that the estate be distributed '' among the next of kin of said testator as they existed at the time of the death of said Agnes.'' The appellant claims that the entire estate vested in the next of kin of the testator at the time of his death subject to be divested in case Agnes should leave lawful issue or descendants; that distribution should be made to those who were his next of kin at the time of his death.

The intention of the testator will control. Rules of construction are availed of for the purpose of determining the testator's intent. (*Matter of Bump*, 234 N. Y. 60.)

The testator was an able lawyer; we must view the will as one made by a man who knew the law and appreciated the meaning of his words.

In favor of appellant's contention stress is laid upon the final provision of the 5th clause as above quoted. The words '' next of kin '' are to be interpreted in their natural sense, namely, '' those who are heirs [next of kin] at the death of the testator. (*Nelson* v. *Russell*, 135 N. Y. 137.) It is only when a contrary intention appears that this presumption fails.'' (*Matter of Bump, supra,* 64.) In that case the will provided, at the expiration of the trust created, as follows: '' I give, devise and bequeath the corpus of my estate, or what is left of it after the death of my wife, to

such persons as would be entitled to the same as my heirs under the intestate laws of the State of New York absolutely." It was held that the heirs at the time of the death of the testator took the remainder. In the instant case the provision is to " pay over and distribute the said principal fund * * * to and among my next of kin, according to the law of the State of New York for the distribution of the estates of intestates." In their natural sense these words mean those who are his next of kin at the time of his death. The law of this State would distribute the estate to no others. Also in favor of this contention we have the well-recognized rule that the law favors the vesting of estates, and many authorities on this subject are cited.

On the other hand the respondent claims that the will itself discloses the intention of the testator and shows that the intention was that the vesting should occur at the death of Agnes. We have examined the provisions called to our attention and find little in the will itself indicating the intention of the testator, without the aid of rules of construction. Plainly the primary purpose of the testator was to provide for Agnes. He gave her the income of his property, with the privilege of using part of the principal, if needed. If she left lawful issue the remainder should go to them. If, however, this preference failed for any cause, his primary purpose should not fail, so he provided that the whole of the estate should go to her immediately and absolutely. Having provided for the welfare of Agnes and her issue he gave the remainder as the law gives it.

This brings us to the pay over and distribute rule. In *Delaney* v. *McCormack* (88 N. Y. 174, 183) the court said: " But there is no gift to the next of kin, and no language importing such gift, except in the direction to convert the real estate into money and then make distribution; and in such case the rule is settled that time is annexed to the substance of the gift and the vesting is postponed." In the instant case there are no words of gift at the expiration of the trust. The direction is to pay over and distribute. The *Delaney Case* (*supra*) was decided in 1882 and the rule then stated prevailed when this will was made in 1887. Presumably the testator was familiar with this rule. It did not apply in the *Bump* case as there were direct words of gift at the termination of the trust.

We have then to choose between the two contentions, the pay over and distribute rule, or the next of kin rule which prevailed in the *Bump Case* (*supra*). The will is drawn with a nicety of language used. Two rules are presumed to be present in the lawyer's mind which are inconsistent. Very likely, when testator had provided for Agnes and her lawful issue, he had disposed of

his estate so far as he had a distinct preference. As to what remained he may have had no special design. Under such circumstances the surrogate, after careful consideration, has made his finding.

We approve of his decision. At Agnes' death very likely some of those who were his next of kin at the time of his death would be deceased. Of this testator would be mindful. The direction to pay over would naturally mean to pay over to those who could receive it. Deceased persons could not. Here is one reason for the pay over and distribute rule and for giving it preference in this case. A contrary construction would only change the fractional shares of those who take, except in respect to the appellant, who is not of testator's blood. She alone would profit if her contention prevailed. Very likely the testator did not know of the provisions in the wills of Emma Vanderlyn and Joseph Vanderlyn. A distribution of his estate as of the time of the death of Agnes is as natural and as fairly within his intention as the distribution of it as of the time of his death.

We think the appellant has contested the case in good faith and should not be required to pay costs.

The decree should be affirmed, with costs to the respondent payable out of the estate.

All concur.

Decree affirmed, with costs to the respondent payable out of the