SARAH E. STEWART, Appellant, *v.* CHARLES GIBLETT and Others, Defendants, Impleaded with A. PRICE DILLONT and Others, Respondents.

Second Department, June 13, 1932.

*George F. Alexander,* for the appellant.

*Bernard Hershkopf [Ernest Freeland Griffin* with him on the brief], for the respondents.

PER CURIAM. This action for partition went to trial; but without taking evidence, on motion by defendants, judgment was rendered dismissing the complaint.

The plaintiff claims as heir at law under the last will and testament of Deborah C. Evans. By that will the life estate was devised to one Elizabeth Dillont who was apparently the only daughter of the testatrix, with the remainder to her issue, if any. Then followed the words: " If my said daughter should die without leaving issue her surviving, then and in that event I give, devise and bequeath said estate to my heirs at law." There was no power of appointment given to the daughter.

The daughter survived the testatrix, married but died leaving no issue. By her will her property was given in the main to her stepchildren, with certain bequests to a half-sister and cousins. There is nothing to indicate whether the property so disposed of came from her mother or her husband; or that she ever claimed the remainder in fee of her mother's estate.

The decision in the court below is on the theory that the daughter was the only heir at law and that the remainder vested in her immediately on her mother's death. We agree that the estate vested at that time and that as a general rule the daughter would be the only one of the class. (*Matter of Bump,* 234 N. Y. 60.) That rule is applied where no contrary intention is shown. ( *Urquhart* v. *Urquhart,* 13 Simons, 613, 626; *Matter of Bump, supra,* 65.) Here significance may properly be attached to the use of the plural in giving the remainder to her " heirs; " and it may be said that the gift of a life estate to the daughter with contingent remainder to the issue of the latter exhausted the purpose and intent of the testatrix in providing for her daughter.

The absence of a power of appointment may indicate that it was not the intent of the testatrix to permit the remainder to go to strangers, but rather that she intended that it should go to those of her own blood upon failure of issue. The question of intention is " to be gathered from the whole will, with context and cognate gifts shedding light upon the meaning." (*Matter of Evans,* 234 N. Y. 42, 45.) Intent is often to be found in the surrounding circumstances.

We have little information regarding the extent of the property of the testatrix, and none at all concerning the relations existing between her and those who now claim to be her heirs at law. One of the latter was named as an executor. We are not informed, as we have said, concerning the source of the property disposed of in

the daughter's will. The practical construction that both the testatrix and the daughter placed on the language, if indicated by any acts, may throw light on the intent. In other words, there may be proof possible to produce that would be illuminating on the vital question here, to wit, the intent in the mind of the testatrix when she drafted her will.

In reaching the conclusion that there must be reversal and a new trial we indicate no final construction of the words used. If the matter were to be decided on the language of the will alone we would reach a conclusion contrary to that adopted at Special Term. But the parties should have an opportunity to present proof, and we, therefore, hold that the complaint should not have been dismissed on motion.

The judgment should be reversed on the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., HAGARTY, CARSWELL and DAVIS, JJ., concur; KAPPER, J., dissents and votes to affirm on authority of *Matter of Bump* (234 N. Y. 60).

Judgment reversed on the law and a new trial granted, costs to abide the event.