Francis D. McHarey, S.
Testator died on May 20, 1943, survived by a daughter as his sole distributee. He left a written instrument which was offered for probate by the petitioner, who *580 together with the daughter are the nominated executors. The daughter had filed objections to the probate of the will and during the pendency of the proceeding put in issue the validity, construction and effect of the disposition of the remainder of a trust of the residuary estate created by paragraph “ Fifth ” of the propounded instrument. The objections have now been withdrawn and the will established. All of the persons affected by the construction to be made being before the court, and it appearing that it is to the interest of all concerned that such construction be now had the court will determine the question in this proceeding.
Testator after first making three pecuniary bequests in the aggregate amounting to $1,250, devised and bequeathed his residuary estate in trust. He directed that the income thereof be paid to his daughter for life, and if upon her death, a stepdaughter should survive, further directed that the surviving trustee pay the income of the trust estate to her during her lifetime. Testator then disposed of the remainder in the following language: “ And upon her death, and upon the death of my daughter Frances Bell Hicks, I direct that all my property both real and personal, shall be distributed among my heirs at law and next of kin according to the laws of the State of New York, and I herewith give, devise and bequeath my estate accordingly.”
Gifts of the remainder of a trust upon the termination of a life estate or estates to a class of persons variously described as heirs at law, next of kin or by reference to the statute governing the distribution of intestate property have been before the courts on numerous occasions by reason of the doubt which ‘generally arose as to the point of time at which the members of the class were to be determined. The question has usually been held to be dependent primarily on intention and each case has been largely determined upon the text of the will and the facts before the court. None of the courts with few exceptions have attempted to formulate any general rule, although analysis of the many reported decisions bearing on this question indicates that the statement of Justice McAvoy in Matter of White (213 App. Div. 82, 85) presents as nearly a workable rule as it is possible to frame under the varying language and./ factual situations which confront the courts.
The reported cases fall into two broad categories, to wit: (a) where the gift of the remainder upon the termination of a prior trust or life estate was made to the heirs at law, next of kin or distributees of the testator as primary devisees: and (b) where the gift of the remainder to the aforesaid class was *581 contingent upon the failure of birth, and survivorship of issue to designated persons or upon the happening of some other event which could only occur subsequent to decedent’s death.
In the first category the class of remaindermen has generally been determined as of the date of death of the testator even though it has resulted in the inclusion of the income beneficiary in the class. (United States Trust Co. v. Taylor, 193 App. Div. 153, affd. 232 N. Y. 609; Matter of Thomas, 128 Misc. 260, affd. 218 App. Div. 755, affd. 245 N. Y. 550; Matter of Cohn, 40 N. Y. S. 2d 892; Matter of White, 182 Misc. 223.) This rule however yields to a determination of the class as of a future time where such intent on the part of the testator is clearly indicated in the will. Thus in Matter of Bowers (109 App. Div. 566, 567, affd. 184 N. Y. 574), the will read “ to my heirs at law and next of kin, %uhomsoverer they may be and in Lewis v. Palmer (167 3ST. Y. S. 1053), the result was reached because of other provisions in the will clearly indicating an intention to postpone vesting of the remainder. In Matter of Nebe (155 Misc. 392, 393) the will read “Upon the death of my wife I direct that my house * * * shall be sold by my executor * * * and I direct that the proceeds * # * shall be divided among my legal heirs.” In Matter of Farrier (138 Misc. 496) and Matter of Bailey (124 Misc. 466) absence of words of gift coupled with a direction to divide the estate among the heirs at law and next of kin were held to indicate that futurity of vesting was intended. In Matter of Trombly (138 Misc. 220, 221) the will provided: “After my beloved wife’s death I hereby direct that the real estate be sold and the proceeds thereof be divided equally among my heirs then living.” (Italics supplied.)
The second category, in which the class has been determined as of the date of termination of the intervening life estate, includes the following cases: Farmers’ Loan & Trust Co. v. Callan (246 N. Y. 481); Salter v. Drowne (205 N. Y. 204); Delaney v. McCormack (88 N. Y. 174); Matter of Brewster (246 App. Div. 192, affd. 271 N Y. 599); Stewart v. Giblett (235 App. Div. 589); Matter of Newkirk (233 App. Div. 168); Metropolitan Trust Co. v. Krans (186 App. Div. 368); Matter of Copp (176 Misc. 777); Matter of Ware (173 Misc. 316); Matter of Bound (171 Misc. 591); Matter of Fishel (167 Misc. 145, affd. 256 App. Div. 915, motion for leave to appeal denied 280 N. Y. 851); Matter of Bishop (126 Misc. 722, affd. 219 App. Div. 711); United States Trust Co. v. Nathan (112 Misc. 502, affd. 196 App. Div. 126, affd. 233 N. Y. 505). In the foregoing cases it has been generally held that the primary gift to issue *582 being contingent, and vesting being postponed for issue, the substitutionary gift to heirs at law and next of kin of the testator was likewise contingent and vesting among them postponed until the termination of the trust. It has also been pointed out that until the happening of the contingency upon which the alternate gift to heirs and next of kin was dependent, it was uncertain that the substitutional gift was to take effect at all. The absence of a present gift to the class and the ‘ ‘ divide and pay over ’ ’ rule have been frequently cited in support of the results achieved. Each or all of the above lines-of reasoning have "led to the conclusion that ascertainment of the class was intended to be made at a date other than that of the testator’s death. This rule likewise yields where the intent of the testator is clearly to the contrary, even where the gift, to the heirs and next of kin was substitutional, and the identity of the members of the class has been ascertained as of the testator’s death. (Matter of Bump, 234 N. Y. 60; Wadsworth v. Murray, 161 N. Y. 274; Matter of Roth, 234 App. Div. 474; Matter of White, 182 Misc. 223, supra.)
In construing the will before it, the court must ascribe to the words ‘ ‘ my heirs at law and next of kin according to the laws of the State of New York ” the meaning which testator intended to place upon them. There is nothing contained in the will indicative of an intention by the testator to use them in other than their ordinary, legal meaning. The will was drafted by an attorney and executed by the decedent on October 5, 1931. The use of the even then outmoded terms ‘ ‘ heirs at law and next of kin” instead of the word “ distributees ” may be attributed to the still existent and ingrained habit of testamentary draftsmen in the use of the older words. Frequent examples of the disinclination of attorneys to conform to the changes of phraseology brought about by the statutory revision of 1930 still arise. Nevertheless the reference to the statute eliminates any question of meaning. The phrase “ and I herewith give, devise and bequeath my estate accordingly” effects a present gift of the remainder. The adverb “ herewith ” is commonly defined as “ and here ” and imports the present tense. The presence of the words of gift at the end of the paragraph instead of in its accustomed place is not deemed material by the court in this instance. Nor is the use of the s plural “heirs at law ” or of the preposition “ among ” of any/ great significance. (Matter of Bump, supra.) The language of the will is clear and unambiguous. No words of survivorship are found therein. The gift of the remainder is to the “ heirs *583 at law and next of Mn ” as primary donees. The direction to distribute among the members of the class upon the termination of the life estates is not sufficient in and of itself to spell out an intention to postpone vesting. On the contrary, the law favors vesting. The court therefore holds that the words ‘ ‘ heirs at law and next of kin ” were used in their primary and ordinary meaning, and that the daughter of the testator is the only person answering to the description at the date of testator’s death, and accordingly has a vested interest in the remainder.
Submit decree on notice admitting the propounded instrument to probate and construing it accordingly.