In the Matter of the Accounting of JOSEPH H. MAYERS et al., as Trustees under the Will of SAMUEL A. BACKMAN, Deceased.

Surrogate's Court, Bronx County, May 31, 1949.

*Philip Goldfarb* for trustees, petitioners.

*Robert Williamson* for James W. Brown, Public Administrator of Bronx County, as administrator of the estates of Dvoira Backman, deceased, and others.

*Charles Recht* and *Jacob Lefkowitz* for Leib M. Backman and others.

*Stuart Edward Levison,* special guardian for Michael Backman and others, if living, and if dead, their unknown successors in interest.

HENDERSON, S. In this proceeding a construction is sought of paragraph "Thirteenth" of the decedent's will. The decedent died on May 14, 1929. His will was executed on June 9, 1928.

He directed that his residuary estate be held in trust with the income payable to his widow during her lifetime.

He was survived by his mother and his widow. His widow died on September 10, 1942. His mother predeceased the widow. The widow was survived by a number of the decedent's brothers and sisters and the representatives of deceased brothers and sisters.

The thirteenth paragraph provides: " Upon the death of my said wife, Fanny, I direct my trustees to divide the said estate so held in trust and distribute same among my next of kin in the manner provided by the statutes prevailing in the State of New York at the time of her death and pertaining to the distribution of intestate property."

(1) The first question is whether part of the remainder is distributable to the estate of the widow as provided in section 83 of the Decedent Estate Law which is the statute prevailing

in this State at the widow's death pertaining to the distribution of intestate property of a decedent survived by a spouse.

The decedent directed distribution to his next of kin upon the death of his widow. The words " next of kin " have always meant blood relatives. The widow's representative urges that she is entitled to take because of the provisions of section 47-c of the Decedent Estate Law, which reads as follows: " When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms ' heirs,' ' heirs at law,' ' next of kin ' and 'distributees ' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law." (Added L. 1938, ch. 181. Eff. March 28, 1938.)

It has often been said that a construction is a search for the testator's intention. At the time of the execution of this will which was ten years before the enactment of the above-quoted statute, " next of kin " had never included others than relatives of the blood, and there is nothing in the will to indicate that the testator had anything in mind other than its ordinary universally accepted meaning.

The widow's representative cites *Matter of Waring* (275 N. Y. 6). It is urged that the instant case falls within the exception to the rule of the *Waring* case stated by Judge RIPPEY at page 13.

The *Waring* case held that a gift to " next of kin " does not include a spouse. In stating the exception, Judge RIPPEY said: " Had the testator here said merely that the remainder should pass according to the laws of the State of New York in effect at the time of the death of the son, distribution under the provisions of section 83, subdivision 4, of the Decedent Estate Law might have been made. He did not say so, nor did he intend to so provide, and the widow of John T. Waring, Jr., is not included as a subject of the testator's bounty."

He draws a clear distinction between a gift to " next of kin " and one providing merely that the remainder shall pass by intestacy.

Here the testator made a gift to his " next of kin ". The widow is not in that class and her estate does not participate in the distribution of the remainder.

(2) The second question is whether distribution should be made to the estate of the decedent's mother who survived him

and predeceased the widow, and was the testator's sole "next of kin" at the time of the testator's death according to the statute in effect at the widow's death, or should distribution be made to those found to be his "next of kin" at the date of death of the widow.

Here again the question of what was the testator's intention is paramount. Obviously it is not clear to which relatives he desired distribution made. He had no clear idea himself. The primary object of his bounty was his widow, to whom he gave the income of the trust during her life. He knew that the Statute of Distribution might be changed from time to time, yet he provided for distribution pursuant to the statute in effect at his widow's death. He could not foretell what the statute might provide so he could not tell to whom he was giving the remainder.

In *Matter of Bowers* (109 App. Div. 566, affd. 184 N. Y. 574) the court had occasion to construe the following language: "From and after the death of the said Harriette L. Berlin, I direct my executors and trustees and the survivor of them and his successor and successors to transfer, set over and convey my entire residuary estate, with all accumulations of income then on hand, to my heirs at law and next of kin, whosoever they may be."

The court there said at page 568: "Words of futurity are annexed to the gift, and it is plain, we think, that the testator did not intend that there should be an ascertainment of the persons who would take ultimately until after the death of the life beneficiary and the expiration of the trust for her benefit."

In *Matter of Wilson* (294 N. Y. 903) the testator set up a trust for the successive lives of his daughter and stepdaughter. Upon their death he directed distribution among his "heirs at law and next of kin" in accordance with the New York statute. It was there held that the class was determinable at the time of the death of the life beneficiaries.

The remainder in the instant case is distributable to the persons who would be the decedent's next of kin at the date of death of the widow.

Proceed accordingly.