John L. Flynn, J.
In this proceeding the accounting successor trustee of two trusts accounted for in separate actions seeks construction and instruction as to the distribution of the remainder of the principal of each trust.
The facts are undisputed. In 1926 Henrietta J. Peterson, wife of Jonathan Peterson and mother of J. Whitney Peterson and Marion P. Heiser, created two trusts, each with a principal of $100,000 for the life benefit of her son J. Whitney Peterson. Similar trusts, not involved in these proceedings, were created by her for her daughter Marion about the same time. Jonathan died in 1929 survived by his wife, Henrietta, the grantor, and their two children, J. Whitney and Marion P. Heiser. J. Whitney, the life beneficiary of these trusts, died on October 6, 1959, testate but without issue surviving him. His will, admitted to probate in Connecticut, bequeathed his entire net estate to his surviving widow, Clementine. He did not appoint or designate the remainders of these trusts in his will.
*269 The provisions of each trust instrument as to the remainder read as follows:
“ (b) Upon the death of the said J. Whitney Peterson the Trustee shall dispose of the principal fund of the trust as follows, namely:
“ (1) Pay over the same to such persons and in such proportions or amounts as may be designated by the said J. Whitney Peterson under the term of his last valid will and testament, if any;
“ (2) If the said J. Whitney Peterson should die without leaving any last valid will and testament to divide the same into as many equal shares as there shall be children of the said J. Whitney Peterson living at the time of his death or dead leaving issue then living, one share for each such child then living and one share for the issue of each child dead leaving issue then living, such issue to take per stirpes and not per capita;
“ (3) If the said J. Whitney Peterson should die without leaving any valid last will and testament and without leaving any children living at the time of his death, or issue then living of any child of his that may have died before him, then pay over the same to Jonathan Peterson, husband of the said Henrietta Jacques Peterson, if living, otherwise to the persons entitled by the present laws of the State of New York as next of kin to him and in the same relative proportion as they would take by the present laws of distribution of said state.”
The sole issue presented on this requested construction of these inter vivos trust instruments is whether the next of kin of Jonathan Peterson, husband of the grantor, are to be determined as of his death in 1929, as contended by Irving Trust Company as executor of the estate of J. Whitney Peterson, or as of the date of death of his son, J. Whitney Peterson, in 1959, as urged by the respondents.
At Jonathan’s death, his two children, J. Whitney and Marion P. Heiser, were his next of kin. However, at the time of the death of the life beneficiary, J. Whitney Peterson, the sole next of kin entitled to take the remainder would be Marion P. Heiser.
The general rules of testamentary construction, relative to fixing the date when the heirs or next of kin of a designated person to whom a remainder interest will be given by a will or trust, may be summarized as follows:
(1) the intent of the testator [of a will] or the creator of a trust when indicated will always control;
*270 (2) absent such indicated intent .and if the remainder is not subject to certain conditions which will be next set forth, the so-called usual construction is applied and the time .of the date of death of such designated person is selected;
(3) however, where no other intent is indicated and the right to such remainder is contingent, substitutional and secondary, the date of death of the life tenant is held to be decisive.
In Matter of Sayre (1 A D 2d 475, affd. 2 N Y 2d 929), it is stated:
“We think that the following are the only two possible constructions of this will: (1) The heirs of the testator, to whom the ultimate remainder is granted, could be determined as of the time of his death. * * * This may be said to be the usual construction, in the absence of an indication of contrary intent (Matter of Bump, 234 N. Y. 60 ; Restatement, Property, § 308); (2) The heirs of the testator could be determined as of the death of the life tenant, i.e., at the time fixed for distribution of the corpus ” (pp. 477-478).
‘Since the remainder to heirs was secondary, contingent, and substitutional, the class of remaindermen should be determined as of the death of the life tenant (Matter of Fishel, supra) ” (p. 480).
■ In Matter of Fishel (167 Misc. 145, affd. 256 App. Div. 915, motion for leave to appeal denied 280 N. Y. 851), the court said at page 146: “ The gift of the remainder to the next of kin in this estate is substitutional. The primary gift is to a class, the members of which are to be determined at the termination of the trust. It is only on the non-existence of the members of this class that the alternative gift to the next of kin is to take effect. The primary gift is clearly contingent. The secondary gift is likewise contingent. The testator has indicated an intention to postpone vesting until the termination of the trust. (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93.) ”
Matter of Wilson (11 Misc 2d 579, mod. in part 269 App. Div. 665, affd. 294 N. Y. 903), the rule is thus enunciated: “ it has been generally held that the primary gift to issue being contingent, and vesting being postponed for issue, the substitutionary gift to heirs at law and next of kin of the testator was likewise contingent and vesting among them postponed until the termination of the trust. It has also been pointed out that until the happening of the contingency upon which the alternate gift to heirs and next of kin was dependent, it was uncertain that the substitutional gift was to take effect at all ’ ’ (pp. 581-582).
*271 Under the provisions of each of the trust instruments in issue relative to the ultimate disposition of the remainder, the gift to the next of kin of Jonathan would be reached only after the happening of three contingent events: (1) the death of J. Whitney without issue; (2) the failure of J. Whitney to exercise the power of appointment conferred upon him by the trust deeds; (3) the death of Jonathan prior to the death of J. Whitney. Only in the event of all these three occurrences would the “next of kin” of Jonathan become entitled to the remainder of the trusts. It is clear that Jonathan’s “ next of kin ” were not primary devisees but rather secondary, contingent and substitutional remaindermen.
Therefore, Jonathan’s “next of kin” under these trusts must lie ascertained as of the termination of the life estates, which occurred upon the death of J. Whitney on October 6, 1959, and the entire remainders under the trusts herein should go to Marion P. Heiser as the only next of kin of Jonathan surviving in 1959. The motions are granted in accordance with this decision.