In the Matter of the Estate of LEWIS J. WHITE, JR., Deceased.

Surrogate's Court, New York County, January 12, 1925.

Wills — construction — remainder of trust fund created for beneficiary given children surviving — in event no children survived and husband died in lifetime of beneficiary, share of said beneficiary on her death given to " same persons who would have been entitled thereto," under laws of State, had testator died intestate — testator intended heirs and next of kin living at date of his death should receive fund.

A will by which the remainder of a trust fund, created for a beneficiary, is given to the children surviving her, but in the event no children survive and said beneficiary's husband dies in her lifetime, said beneficiary's share in said fund

MATTER OF WHITE.                                 **349**

Misc. 348]      Surrogate's Court, New York County, January, 1925.

shall be paid to the "same persons who would have been entitled thereto" had the testator died intestate, is construed as giving said fund to the heirs and next of kin of the testator living at the date of his death upon the death of the beneficiary after the death of her husband and without issue surviving.

PROCEEDING for accounting involving the construction of a will.

*Geller, Rolston & Blanc,* for the petitioner Farmers Loan and Trust Company, as substituted trustee.

*Gleason, McLanahan, Merrett & Ingraham* [*George C. Austin* of counsel], for Anna M. Purcell, administratrix.

*Charles A. Buckley,* for Angele Irene Callan.

FOLEY, S.:

In this accounting proceeding the construction of paragraph 4 of the will is asked. That paragraph created a trust fund with direction to pay the income for life to Bridget White, the wife of a brother of the testator. The remainder was directed to be paid to her children surviving her, or their issue, if any; if none, to her husband, Edward S. White. Then follows the clause to be construed, as follows: "In the event of my said brother, Edward S. White, dying in the lifetime of his wife, and the death of the said Bridget, the wife of my said brother, Edward S. White, without leaving her surviving, any child or children, or descendant of a deceased child, issue of her marriage with my said brother, then, upon the death of the said Bridget, wife of my said brother, Edward S., I give, devise, and bequeath the said share to the same persons who would have been entitled thereto, and in the same proportions in which they would have been so entitled under the laws of the State of New York had I died seized and possessed thereof and intestate."

Lewis J. White, Jr., the testator, died on July 5, 1881. Bridget White, the life tenant, died on November 4, 1923, and the remainder is now payable to the persons entitled thereto. Bridget White left no issue. Her husband, Edward S. White, predeceased her. The question to be determined is: Shall the fund be paid over to the heirs and next of kin of Lewis J. White, Jr., the testator, living at the date of his death, or shall it be paid to such heirs and next of kin living at the date of death of the life tenant? If his death is the determining date, the heirs and next of kin were his sister, Angele I. Callan, and his two brothers, Wilfred A. and Edward S. White. If the life tenant's death in 1923 is the event, then the sister, who alone survived, is the sole heir and next of kin. I hold that the heirs and next of kin at the date of death of the

testator are entitled to the fund. The words " heirs," " next of kin," or " persons taking by intestacy " are construed in the interpretation of wills in two senses.— (a) their primary sense as describing the persons within that class at the date of death of the testator; (b) their secondary or artificial sense as describing a class of persons answering the description at a date or event subsequent to the death upon the assumption that the testator died at such later date. The ordinary rule is that the testator is presumed to have used such words in their natural sense to designate those who in fact take by intestacy, unless there is an indication in the will to the contrary. I find no such indication here. In fact, its provisions clearly indicate the testator intended the persons who answered that description at his death to be the remaindermen. For he refers to the beneficiaries as those " who *would have been entitled* thereto \* \* \* had I died intestate." This clause is clearly restrospective in its application.

The language used in this will is almost similar to that used in *Matter of Bump* (234 N. Y. 60). There the will provided: " Subject to the foregoing provisions, I give, devise and bequeath the corpus of my estate, or what is left of it after the death of my wife, to such persons as would be entitled to the same as my heirs under the intestate laws of the State of New York absolutely." This direction was construed to effect a present gift to the persons answering the description of heirs as of the date of death of the testator. (*United States Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., 232 N. Y. 609.) The decision in *United States Trust Co.* v. *Nathan* (112 Misc. 502; affd., 196 App. Div. 126; 233 N. Y. 505) is clearly distinguishable from the present case, for there the gift was to " descendants " as a class, and the court held that the membership of that class must be determined as of the date of termination of the trust, upon the theory that there was a strong indication of intent by the testator to confine the remainder to persons of his own blood. In the present will, the opposite intention is displayed, for the very trust to be construed here was created for the benefit of his sister-in-law, a stranger to the blood of Lewis J. White, Jr.

Submit decree accordingly.