In the Matter of the Estate of THOMAS J. BRIGGS, Deceased.

Surrogate's Court, New York County, June 22, 1926.

**Wills — construction — testator, after giving entire estate to his wife in trust for life, directed that upon his death said trust estate be divided into three shares for further trust for each of three children with remainder to such persons as each child might designate by will — in event any child died intestate before wife of testator, child's share was to be divided among next of kin of child — will construed as including testator's widow in class constituting son's next of kin at time of his death — remainder became vested at son's death and estate of testator's widow and son's two sisters are entitled to one-third each.**

A will by which the testator, after giving his entire estate to his wife in trust for life, directed that upon her death the said trust estate be divided into three shares for a further trust for each of three of testator's children, with a remainder to such persons as each child might designate by will to receive the same, and provided that in the event any child died intestate before the death of the testator's wife, said child's share was to be divided among his next of kin, must be construed as including testator's widow in the class constituting the deceased son's next of kin at the time of his death, since the remainder became vested at said son's death, and, therefore, the estate of testator's widow and said son's two sisters are entitled to one-third each.

PROCEEDING for an accounting involving construction of will.

*Ira Bliss Stewart*, for the petitioner.

*Stewart & Shearer*, for the United States Trust Company of New York as successor trustee.

FOLEY, S.   In this accounting proceeding the court is asked to construe the testator's will.   By the will he devised and bequeathed his entire estate to his wife, in trust, to pay the net income therefrom to herself during her lifetime.   Upon her death he gave all the trust estate to the United States Trust Company, with a direction to divide it into three shares, and hold each share upon a further trust for each of his three children.   The remainder of each of said three trusts was given " to such person or persons as he [testator's child] may designate by his will to receive the same, and in case he should die intestate the same is to be distributed *as his estate*, according to the statutes applicable to the estates of intestates " (italics mine).   He further provided that if any of his children should predecease his wife, " then the portion applicable to such child shall be disposed of according to the terms of the last will and testament of such child, and in default of a will, then the same shall be divided among the next of kin of such child, according to the statutes relating to the estates of intestates."   Two of

testator's children are still alive, but his son Warren C. Briggs died intestate and unmarried on January 3, 1901. Testator's widow died January 13, 1926. The question presented is whether the class constituting the son's next of kin is to be limited to those who survive the widow, or whether that class should be held to include all of those who answered the description at the time of the son's death. If the class is to be ascertained at the death of the mother, the surviving two children would take all. If it is to be determined as at the death of the son, the mother's estate would share to the extent of one-third and the two surviving children would be each entitled to one-third. The present trustee contends that it was the testator's intention to exclude the mother from any interest in the remainders, and that the principal of the share of any child who should die prior to his mother should be distributed upon the mother's death to such persons as would constitute such child's next of kin at the time of the mother's death. In support of that contention, the trustee cites the rule laid down in *New York Life Insurance & Trust Co.* v. *Winthrop* (237 N. Y. 93) and in *Matter of Bostwick* (236 id. 242) that survivorship until the death of the primary life tenant was a condition of the gift. But those cases are not applicable, for in them vesting was postponed until the death of the life tenant. This will clearly shows a contrary intention. In the situation now presented, the testator's express direction was to distribute the child's share if he predecease his mother " according to the terms of the last will and testament of such child, and in default of a will, then to such child's next of kin." The first provision for the distribution of the remainder upon a child's dying intestate was a direction that it " be distributed *as his* [the child's] *estate.*" Such language plainly indicates that the remainder was intended to become vested at the death of the son. No one could seriously dispute that if the son had left a will, in which he exercised the power of appointment, his appointees would have become vested with the remainder upon his death, and the class of legatees could not have been reduced by the death of any one of them before that of the mother. If the remainder was intended to be vested at the son's death in those whom he might appoint by will, it certainly was likewise intended to be vested in the substituted class of next of kin. There is no indication in the will that the testator intended to exclude his widow from sharing in the remainder. It has been frequently held that there is no incongruity in a life tenant having a vested interest in a portion of the remainder. ( *U. S. Trust Co.* v. *Taylor*, 193 App. Div. 153, and cases cited at p. 156; affd., 232 N. Y. 609.) The law favors the vesting of estates, and in the absence of an indication in the will

to the contrary, the phrase " next of kin " must be construed in its primary and legal sense to include all those who answered the description at the death of the person whose next of kin are to take. (*U. S. Trust Co.* v. *Taylor, supra; Matter of Bump*, 234 N. Y. 60; *Matter of White*, 125 Misc. 348; affd., 213 App. Div. 82.)

I hold, therefore, that upon the death of Warren C. Briggs, intestate, on January 3, 1901, the remainder of his share of the estate vested in those who were his next of kin at that time, viz., his mother and two sisters, in the shares provided in the Statute of Distribution then in effect; and that said share should now be divided equally between the estate of Imogene C. Briggs, and between Evelyn B. Hopkins and Sarah B. Proudfit.

Submit decree on notice construing the will and settling the account accordingly.