In the Matter of the Will of MAUDE M. PELTON, Deceased.

Surrogate's Court, Herkimer County, November 7, 1947.

*Francis J. Moore* for Herkimer Memorial Hospital, petitioner.

*Nathaniel L. Goldstein, Attorney-General (Thomas Burke and A. W. Feinberg* of counsel), for unknown beneficiaries.

PETERSON, S. Under the "Fourth" clause of the last will and testament of Maude M. Pelton, the decedent above named, the following provision is made: "Fourth. I give and bequeath to Herkimer Memorial Hospital the sum of Ten Thousand Dollars ($10,000.) to endow a room."

The petitioner now asks this court for a decree determining the validity and construction and effect of this paragraph and further asks that the bequest be adjudged to be an unrestricted gift to the petitioner, contending that such was the intention of the testatrix. The Attorney-General, acting under his statutory duty to enforce the public policy of the State of New York in the protection of charitable trusts, asserts the right of the Attorney-General to appear in the matter and alleges that the will in question clearly provides for the establishment of a permanent fund, permitting the use of income only and asks that the application be denied.

The Herkimer Memorial Hospital is a membership corporation. Like all hospitals not operated for private gain, it is a charitable institution. As was said in *Matter of Cohen* (58 N. Y. S. 2d 924, 926): "The word ' hospital ', at least in its popular usage, ordinarily denotes a charitable institution. * * * It is only where income may be used for the profit of the owners that a hospital corporation ceases to be a charity." Hence, for all legal purposes, the Herkimer Memorial Hospital in this proceeding is considered a charitable corporation. This aspect is important for " equity will afford protection to a donor to a charitable corporation in that the Attorney-General may maintain a suit to compel the property to be held for the charitable purpose for which it was given to the corporation." (*St. Joseph's Hospital* v. *Bennett,* 281 N. Y. 115, 119. See, also, *Matter of Lachat,* 184 Misc. 486.) And in respect to such a bequest subdivision 3 of section 12 of the Personal Property Law states: " The attorney-general shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in the courts." Indeed, the

Attorney-General is under the continuing obligation of seeing that the provisions of a charitable trust are carried out within the meaning and intent of the gift. (*Matter of Hamilton,* 185 Misc. 660, 668.) Accordingly the Attorney-General is held to be a proper party to this proceeding.

There is now presented for the consideration of this court the question of an interpretation of the testamentary provision in question, to give legal effect to the bequest. The purpose of the testatrix' gift of $10,000 as stated in the will is " to endow a room." Do these words create any uncertainty that must be resolved by this court? Do these words create a doubt as to testatrix' intention?

It is, of course, an old rule of construction that words should be given their common and ordinary meaning unless there is something in the language of the will requiring a different meaning to be given to them. (*Hone* v. *Van Schaick,* 3 N. Y. 538; *Matter of Farmers' L. & T. Co.,* 189 N. Y. 202; *Nelson* v. *Brown,* 144 N. Y. 384, 391.) Likewise technical or legal words must be given their ordinary meaning. (*Matter of Catlin,* 97 Misc. 223, 229.)

The words " to endow " used by the testator are similar in meaning to the words " to be held as an endowment fund " the meaning of which words was considered in the case of *St. Joseph's Hospital* v. *Bennett* (*supra*). Judge FINCH, in his opinion, stated as follows (p. 118): " The term ' endowment ' has been defined as the bestowment of moneys as a permanent fund, the income of which is to be used in the administration of a proposed work."

In a still later case, *Matter of Fowler* (43 N. Y. S. 2d 94, affd. 268 App. Div. 788), the testator had provided that on the death of a designated life beneficiary the principal of a fund was " to be added to the endowment fund " of a hospital. The court restated the definition of endowment given by Judge FINCH in the matter of *St. Joseph's Hospital* v. *Bennett* (*supra*) and accepted it in its determination as to the nature of the gift. This same definition has been used in other jurisdictions. (*Alumnae A. of W. Penn H. School* v. *University of Pa.,* 306 Pa. 283; *Richards* v. *Wilson,* 185 Ind. 335.)

In *Wagner Institute's Appeal* (116 Pa. 555, 564) it was stated regarding an endowment fund: " It is certainly understood in common acceptation as a fund yielding income for the support of an institution." And in *Liggett* v. *Ladd* (17 Ore. 89, 104) the court said: " To ' endow ' means to make provisions for the support of a corporation or institution by appropriating lands

or funds as a *source of regular and reliable income.*" (Emphasis supplied.)

In an English case, *Edwards* v. *Hall* (6 De G. M. & G. 74, 83), it was stated that " The word ' endow ' means giving a benefit to some existing thing; it supposes something to exist either at the time the gift is made, or when the endowment is to take place: it has no reference at all to building or purchasing." In the present case the Herkimer Memorial Hospital building was already in existence when the will was admitted to probate.

The term " endowment " therefore, has received a rather definite, meaning from the courts, to wit, that it is a bestowment of moneys as a permanent fund, the income of which is to be used for a proposed work, and " to endow " is, of course, to create or provide an endowment. The common and ordinary meaning of the words " to endow a room " would therefore be " to provide a permanent fund, the income of which is to be used to maintain a room."

It is petitioner's contention, however, that there is some uncertainty or ambiguity about the meaning of the words " to endow a room " as used by the testatrix, and extrinsic evidence was received to establish the intent of the testatrix. The facts disclosed served to show that the testatrix had had a great interest in the Herkimer Memorial Hospital of which she was a director, and its predecessor, the Herkimer Emergency Hospital, of which she had at one time been president and had likewise served as one of its trustees. She was, moreover, an active business woman and familiar with difficult business problems.

From these facts we may conclude that she knew intimately the costs and difficulties of operating and maintaining a hospital and was aware of the need of a fund to insure permanency of operation of the institution. Indeed, the hospital had a regular endowment fund and during the campaign to raise funds for the building of the hospital, the hospital publicity suggested the desirability of adding to the endowment fund. The testatrix and her husband during the campaign had given $5,000, unrestricted, to the hospital, and it is only logical to believe that with her knowledge of the endowment fund, she would not have used the words " to endow a room " had she intended an unrestricted gift. Further it does not appear from the evidence that she intended to use the words with other than their common or ordinary meaning.

The will of the testatrix was, moreover, drawn by an experienced attorney and under such circumstances it is presumed that he used the language employed in its ordinary legal import. (*Matter of Myers*, 98 Misc. 108; *Matter of Hutchins*, 136 Misc. 270; *Matter of Duffy*, 143 Misc. 421.)

It is the opinion of this court, therefore, that the words " to endow a room " should be given their common and ordinary meaning, to wit, " to provide a permanent fund, the income of which is to be used to maintain a room " in the said Herkimer Memorial Hospital, and said last will and testament of the testatrix should be so construed. While the words used do not create a legal trust, they do nevertheless impose a direction and restriction upon the use of the gift. (*St. Joseph's Hospital* v. *Bennett*, 281 N. Y. 115, *supra*.)

The application to have the said bequest to the Herkimer Memorial Hospital adjudged to be an unrestricted gift should, therefore, be denied and the construction given to said will as aforesaid.

Decree may provide accordingly.