OPINION OF THE COURT
Bertram R. Gelfand, J.
Petitioner, the Union Hospital, instituted this construction proceeding for an interpretation of the bequest made to it under paragraph “Sixth(b)” of decedent’s will. The parties waived a hearing and the matter is to be determined upon the papers submitted.
Decedent died on January 14, 1924 and his will was admitted to probate approximately five months thereafter. Petitioner has a one-quarter remainder interest in the residuary trust established under the will. The paragraph at issue provides as follows: “To the Union Hospital, of the Borough of the Bronx, two (2) parts, to be used by said hospital to endow charity beds in said hospital and for charitable purposes only, as a memorial to my sister, Kate P. McKenna now deceased, and myself”.
*305 Upon the death of each of several income beneficiaries petitioner received a principal payment for its remainder interest in the above testamentary trust. The amount of these principal payments received by petitioner between 1926 and 1962 totals $157,452.10. The present value of the funds held by petitioner, including accumulated interest, subject to the provisions of decedent’s will totals approximately $850,000.
Petitioner contends that there is no longer a need to provide charity beds as a result of insurance and governmental programs, and therefore, it should be permitted to presently expend the entire $850,000 for its over-all charitable purposes relating to the operation, maintenance and building development of the hospital. The Attorney-General does not take issue with petitioner’s proposed use of the funds, but he does contend that the gift to it was an endowment, and in accordance with subdivision (c) of section 513 of the Not-For-Profit Corporation Law, petitioner must at all times retain the “historic dollar value” of the gift which in the instant matter is $157,452.10. The Attorney-General’s position that petitioner is a not-for-profit corporation is not disputed (Not-For-Profit Corporation Law, § 102, subd [a], par [5]).
Specifically, petitioner argues that since the paragraph at issue provided that the funds could be utilized for “charity beds * * * and for charitable purposes”, its requested construction is in accordance with decedent’s intentions. Petitioner alternatively takes the position that changed circumstances (i.e., the lack of need for privately supported charity beds) warrants the court’s permitting petitioner to use the fund for purposes other than charity beds. The latter argument appears to be a plea for cy pres relief pursuant to EPTL 8-1.1 (subd [c]), the statute to be applied when the use of a charitable fund for the original purpose designated is no longer possible or practical due to changed circumstances.
A charitable gift given as an “endowment” is one which has statutorily been given very special characteristics which encumber it with certain restrictions. The threshold question to be determined is whether the bequest to petitioner under paragraph “Sixth(b)” of the will constitutes *306 an endowment fund pursuant to section 102 (subd [a], par [13]) of the Not-For-Profit Corporation Law. This section defines an “endowment fund” as “an institutional fund * * * not wholly expendable by the corporation on a current basis under the specific terms of all applicable gift instruments.” The term “institutional fund” is defined in section 102 (subd [a], par [17]) as “a fund for the exclusive use, benefit or purposes of a [not-for-profit] corporation, held either by the corporation itself or on behalf of the corporation”.
If the bequest is an endowment under the Not-For-Profit Corporation Law, it is subject to the provisions of subdivision (c) of section 513 of that law which provides that the governing board of a not-for-profit corporation may appropriate for expenditure “for the uses and purposes for which an endowment’ fund is established so much of the net appreciation, realized (with respect to all assets) and unrealized * * * in the fair value of the assets of an endowment fund over the historic dollar value of the fund as is prudent”. The term “historic dollar value” is defined in section 102 (subd [a], par [16]) as “the aggregate fair value in dollars of (i) an endowment fund at the time it became an endowment fund, (ii) each subsequent donation to the fund at the time it is made, and (iii) each accumulation made pursuant to a direction in the applicable gift instrument at the time the accumulation is added to the fund.”
The utilization of the words “to endow” in a testamentary instrument is similar in meaning to the words “to be held as an endowment fund” (Matter of Pelton, 190 Misc 624; Matter of Fowler, 43 NYS2d 94, affd 268 App Div 788). In the leading case of St. Joseph’s Hosp. v Bennett (281 NY 115, 118) the court held that the “term ‘endowment’ has been defined as the bestowment of money as a permanent fund, the income of which is to be used in the administration of a proposed work.” It is to be noted that section 513 of the Not-For-Profit Corporation Law is essentially a codification of the holding in St. Joseph’s Hosp. v Bennett (supra) (see McKinney’s Cons Laws of NY, Book 37, Not-For-Profit Corporation Law, § 513, Legislative Studies and Reports, p 162).
*307 This proceeding has now crystallized to a point where petitioner is advancing eloquent arguments in support of a position that is not disputed by the Attorney-General, to wit, that the fund may be used for purposes other than charity beds. Similarly, petitioner has not advanced any authority to contradict the position of the Attorney-General that this testamentary gift was an endowment, and therefore, is subject to the provisions of subdivision (c) of section 513 of the Not-For-Profit Corporation Law which mandates that petitioner preserve the historic dollar value of the fund. It remains for the court to construe the paragraph at issue giving due consideration to the positions taken by the parties to the application.
The instrument at issue appears to be a detailed attorney-drafted instrument designed with relative care to incorporate an accurate expression of decedent’s testamentary intent. It is noted that paragraph sixth contains provisions for seven separate charitable bequests and that with reference to only one other, in addition to the one at issue, is it stated that the gift is “to endow”. All of the remaining five gifts are outright. Under these circumstances, great weight must be given to the utilization of the phrase “to endow” in the paragraph that created the fund that is the subject of this application. “To endow” has an accepted technical legal meaning which must be given full significance when it appears that it is being utilized in the usual and accepted legal sense in a carefully drawn instrument (Matter of Syracuse Univ. [Hendricks], 1 Misc 2d 904, 911, affd 3 AD2d 890, affd 4 NY2d 744). Here, not only does this paragraph utilize the words “to endow” but it also specifically stated that the motivation of the gift was to create “a memorial to my sister, Kate P. McKenna now deceased, and myself.” The word “memorial” is defined as “something that keeps remembrance alive.” The decedent’s use of the above language evinces a crystal clear intent to bestow upon petitioner a permanent fund as a memorial (St. Joseph’s Hosp. v Bennett, supra; Matter of Fowler, supra; Matter of Pelton, supra). Thus, not only is there nothing presented to suggest any basis for not applying the strictest legal implications to the use of the words “to endow,” but the paragraph when read in its entirety is *308 affirmatively supportive of decedent’s testamentary intent to create an “endowment”.
There remains a further issue of construction raised with reference to the scope of the trustees’ discretion in utilizing the sums available. The petitioner indicates that the application is at least partially motivated by a division of opinion on petitioner’s board of trustees as to petitioner’s authority to use the fund at issue for “all hospital purposes,” both of an expense and capital nature.
On this subject the language of the will, read in conjunction with the applicable statutes, is controlling. Paragraph “Sixth(b)” specifically states that the fund is to be used for charity beds “and for charitable purposes”. Great weight must be given to the presence of the word “and” before “charitable purposes”. To conclude that this gift was limited to being used for only “charity beds” would require concluding that the words “and for charitable purposes” are a redundancy. Clearly, a gift for “charity beds” is also a gift for a “charitable purpose”.
It is a basic rule of construction that to as great an extent as possible meaning should be given to all aspects of the provisions found in a testamentary instrument (Matter of Jones, 38 NY2d 189; Matter of Kosek, 31 NY2d 475, 483; Matter of Flyer, 23 NY2d 579, 584; Matter of Thall, 18 NY2d 186, 192; Matter of Dammann, 12 NY2d 500, 504-505; Matter of Larkin, 9 NY2d 88, 91; Matter of Fabbri, 2 NY2d 236,240). Accordingly, it is concluded that it was the intent of the testator that the hospital may use so much of the gift as is legally available at any given time for such needs of the hospital as the trustees in the exercise of their responsibilities consider advisable. This conclusion is further supported by the very nature of a “Not-For-Profit” corporation. It is an entity that is not being operated for “pecuniary profit or financial gain” (Not-For-Profit Corporation Law, § 102, subd [a], par [5]). Implicit in the operation of a hospital that is serving a community on a “Not-For-Profit” basis is that the very nature of its operation is one which is charitable and that any expenditure that is necessary to further its operation is within the framework of the “charitable purposes” intended by the testator when he created the gift at issue. It having been concluded that *309 the uses sought by petitioner fall within the scope of the original gift, it is not necessary to consider applying the provisions of EPTL 8-1.1 (subd [c]).
Accordingly, paragraph “Sixth(b)” of the will is construed as creating an endowment fund. It is further determined that the historic dollar value of the endowment is $157,452.10 and that this sum must be preserved intact. The petitioner may expend any amount in excess of said sum for such hospital purposes as is deemed prudent by its board of trustees (Not-For-Profit Corporation Law, § 513, subd [c]).