In the Matter of the Judicial Settlement of the Account of Proceedings of THE FARMERS' LOAN AND TRUST COMPANY, as Successor Trustee under the Last Will and Testament of LEWIS JOSEPH WHITE, JR., Deceased.

ANGELE I. CALLAN, Individually and as Executrix, etc., of WILFRED L. WHITE, Deceased, Appellant; THE FARMERS' LOAN AND TRUST COMPANY, as Successor Trustee under the Last Will and Testament of LEWIS JOSEPH WHITE, JR., Deceased, and Another, Respondents.

First Department, May 15, 1925.

**Wills — construction — devise of life estate to sister-in-law — in case husband of beneficiary predeceased her and beneficiary died without issue, remainder was devised to those who would have been entitled thereto if testator had died intestate — under said clause distribution is determined as of date of death of testator and not as of date of death of beneficiary.**

Under a clause in a will devising the life use of certain property to the sister-in-law of the testator and providing that in case the husband of the beneficiary should predecease her and the beneficiary should die without issue, the remainder would go to those who would have been entitled to receive the property in case the testator had died intestate as to that property, the persons who are to receive the remainder on the death of the beneficiary without issue after the death of her husband are those who would have been entitled to receive it at the date of the death of the testator in case he had died intestate as to that property, and not those who were heirs at the time of the death of the beneficiary.

APPEAL by Angele I. Callan, individually and as executrix, from certain portions of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 10th day of February, 1925.

*Charles A. Buckley*, for the appellant.

*Gleason, McLanahan, Merritt & Ingraham* [*George C. Austin* of counsel], for the respondents.

McAVOY, J.:

In this accounting proceeding a decree of the surrogate was asked construing the will of Lewis Joseph White, Jr., and directing distribution thereunder. The accounts of the Farmers' Loan and Trust Company as substituted trustee under the said will were approved by all the parties, and the appeal now here is solely from that part of the decree by which a certain construction of the will was made by the surrogate, which is the subject of contest between the heirs and next of kin of the testator.

The testator, Lewis Joseph White, Jr., under his will bequeathed to his trustee an equal one-half part of his residuary estate in trust to receive, hold, manage and control and to invest and keep invested, changing the investments from time to time, and to collect and receive the rents and profits, and during the lifetime of Bridget White, the wife of testator's brother, Edward S. White, to apply the net income to the use of the said Bridget. The will then provides as follows, and it is these clauses which raise the question of construction which the surrogate resolved in favor of the respondents:

" * * * and upon the death of the said Bridget, should she leave any child or children her surviving, issue of her marriage with my said brother, I give, devise and bequeath the said share to such children, issue of said marriage, as she may leave her surviving, and the issue of any one or more of such children as may have died in the lifetime of their mother, in equal shares, *per stirpes* and not *per capita.*

" In the event of the decease of the said Bridget, wife of my said brother Edward S. White, in the lifetime of my said brother, without leaving her surviving, any child or children or descendant of a deceased child or children, issue of said marriage, then, upon the death of his said wife, I give, devise and bequeath the said share to my said brother, the said Edward S. White.

" In the event of my said brother, Edward S. White, dying in the lifetime of his wife, and the death of the said Bridget, the wife of my said brother, Edward S. White, without leaving her surviving, any child or children, or descendant of a deceased child, issue of her marriage with my said brother, then, upon the death of the said Bridget, wife of my said brother, Edward S., I give, devise and bequeath the said share to the same persons who would have been entitled thereto, and in the same proportions in which they would have been so entitled under the laws of the State of New York had I died seized and possessed thereof and intestate."

Bridget White, the wife of Edward S. White, who is described in the foregoing excerpt from testator's will, died on November 4, 1923, and letters of administration on her estate were issued to one Anna M. Purcell by the Surrogate's Court of New York county. The trust created for her life having terminated with the death of Bridget White, the life beneficiary, and no issue of her marriage surviving and her husband, Edward S. White, having predeceased her, the distribution is to be made according to the last clause of the quoted paragraph, which is to the effect that upon the death of Bridget and Edward S. predeceasing her and no issue of her

First Department, May, 1925. [Vol. 213

surviving, the share reserved for the life tenancy of Bridget is to go to the same persons who would have been entitled thereto and in the proportions in which they would have been so entitled under the laws of the State of New York had the testator died possessed of the property and intestate.

The testator died on July 5, 1881, and he left surviving as his only heirs at law and next of kin, Angele I. Callan, a sister; Edward S. White, a brother, and Wilfred L. White, another brother. The sister is the only immediate survivor now living, and she is the appellant. Her brother, Edward S. White, died May 26, 1886, leaving surviving his widow, Bridget White, and a son, Lewis Joseph White, the only next of kin. The son died intestate in January, 1917, leaving his mother, the said Bridget White, now deceased, as his only next of kin. Wilfred L. White, the other immediate descendant of the other testator, died July 23, 1903. Letters testamentary under his will were issued to the sister, Angele I. Callan, the appellant here.

If the testator had died intestate in 1883, the estate now to be distributed would have gone to his sister, Angele, and the two brothers, Edward S. and Wilfred L. White, in equal shares. The will, however, provided for disposition of the estate, and since all the specified beneficiaries under the 4th clause are now dead, the 4th clause then became operative upon the death of Bridget White on November 4, 1923.

The question which now arises from the happening of all these contingencies is: Shall the fund be paid over to the heirs and next of kin of Lewis Joseph White, Jr., the testator, living at the date of his death, or shall the fund be paid to the heirs and next of kin of that testator living at the date of death of the life tenant?

The appellant, Angele I. Callan, contends that the fund should be paid over to the heirs and next of kin of the testator living at the date of the death of the life tenant, and since she is the only heir and next of kin of the testator then living, that the fund should be paid to her alone. The surrogate determined that the fund should be paid to the heirs and next of kin of the testator living at the date of his death. This determination gave part of the estate to Anna M. Purcell, administratrix of Bridget White, the life tenant, and her interest in this proceeding is derived from the share of Edward S. White, the brother of the testator. This Edward S. White would have been entitled to receive the entire fund had he survived the life tenant, Bridget White, and had she died without any issue. Edward S. White predeceased Bridget White, and if the fund is to be paid to the next of kin of the testator at the time of his death, those claiming under him would be entitled to a one-

third part and the other two-thirds part would go to Angele I. Callan, who would take both individually and as executrix of the estate of her brother Wilfred L. White. When Edward S. White died he left as his only heir and next of kin a son, Lewis Joseph White. This Lewis Joseph White would have been entitled to the entire fund had he survived his mother Bridget, the life tenant. But he died after his father, but before his mother, Bridget, leaving her as his only heir and next of kin, and she now being dead, this one-third share goes to her administratrix, Anna M. Purcell. If it be assumed that the testator intended that the fund upon the contingencies mentioned should be paid over to his heirs and next of kin as of the time of his death, then this distribution just outlined would be made. If the distribution be confined to his heirs and next of kin at the time of the death of the life tenant the whole estate would go to Angele I. Callan.

The general rule of testamentary construction is, that in the absence of a clear distinction to the contrary, the class described by the testator as heirs and next of kin, to whom a remainder interest is given by the will, is to be ascertained as of the time of his death. This construction is not changed by the fact that a life estate may precede the bequest to the heirs at law or next of kin, nor by the circumstance that the bequest to such heirs or next of kin is contingent on an event that may or may not happen. There must be a clear intention manifested by the will to make a different disposition of the property where the bequest is to heirs at law and next of kin to take it out of the rule that heirs at law and next of kin so described will be determined as referring to those who are such at the time of testator's death. The reason for the rule is said to be that the words cannot be used properly to designate anybody other than those who answer to the description at the time of testator's death. It is said that such a mode of ascertaining the beneficiary implies that the testator has exhausted his specific wishes upon the previous limitations and is content thereafter to let the law take its course. The rule has been held to be applicable to an executory devise or a contingent remainder.

There is nothing in the language of the will of this testator to indicate that there was any intention upon his part to depart from the rule by making a different disposition. The testator uses the words in the clause when referring to the beneficiaries as those who "would have been so entitled * * * had I died * * * intestate," which clearly relates to the time of his death and the speaking of the will. We think the direction should be construed to effect a present gift to the persons answering the description of heirs and next of kin as of the date of the death of the testator.

The decree should be affirmed, with costs to both parties payable out of the estate.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Decree affirmed, with costs to both parties payable out of the estate.