FRANCES P. SAFFORD, Plaintiff, v. JOHN KOWALIK et al., Defendants. — Submission of a controversy under an agreed statement of facts pursuant to section 546 of the Civil Practice Act. The question presented is whether plaintiff is seized of the fee to certain real estate which she has agreed to sell and convey to defendants, and they to purchase. Defendants resist performance upon the ground that plaintiff has no title to said premises for the reason that her late husband never had title thereto. Plaintiff's title, if any, derives, from her husband's will. The property was devised to him by his mother's will, by the terms of which, as applicable to the agreed facts, he was to receive the rents, issues and profits thereof during his life, and in the event of his death without issue it was given and devised " to my heirs at law, next of kin and distributees in such proportions as they would take and inherit the same under the Laws of the State of New York, in the event of my having died intestate." At his mother's death plaintiff's husband was her sole heir at law, next of kin and distributee. There is nothing in his mother's will to vary the general rule of construction that the class described by the testator as his heirs and next of kin, to whom a remainder interest is given, is to be ascertained as of the time of his death. This rule is not affected by the fact that a life estate precedes the gift of the remainder; and, a life tenant may be the recipient of the remainder. (Matter of White, 213 App. Div. 82, 85; Matter of Roth, 234 App. Div. 474, 477; United States Trust Co. v. Taylor, 193 App. Div. 153; Matter of Bump, 234 N. Y. 60, 64; see, also, Nelson v. Russell, 135 N. Y. 137, and Wadsworth v. Murray, 161 N. Y. 274.) We conclude, therefore, that under the agreed facts plaintiff's husband became seized of the fee at the time of his death, and that plaintiff acquired it under his will. Plaintiff is entitled to judgment directing defendants to specifically perform their agreement, and judgment is directed accordingly, without costs. Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ., concur.

■

MARY J. SHELBY, Respondent, v. CARL SHELBY, Appellant.— Appeal by the defendant from an interlocutory judgment of annulment granted by the Supreme Court, Tompkins County, and from a denial of defendant's motions for a nonsuit and for a dismissal of the complaint. The evidence is sufficient to show that the plaintiff was induced to marry the defendant, relying upon his false and fraudulent misrepresentations as to a material matter, to wit, his then marital status. The admissions of the defendant to that effect were sufficiently corroborated. Defendant's objection to the assessment of costs against him is without merit. Judgment and orders unanimously affirmed, with costs to the plaintiff-respondent. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.