Christopher C. McGrath, S.
In this accounting proceeding, a construction is sought of paragraph “ Eighth ” of the will, the pertinent portions of which provide as follows: ‘‘ and upon the death of my said wife, I direct my said Trustees to divide the principal of said Trust Estate then remaining into as many parts or portions as there shall be heirs-at-law or next-of-kin surviving at that time, and to pay over the principal of said Trust Fund to such surviving heirs and next-of-kin, per stirpes and not per capita.”
The decedent in his will had made certain minor bequests and devised certain real property to his surviving sisters. The trust in question which comprised the remainder of his estate gave the income to his wife for life, with power to use the principal for her benefit. The trustees were also authorized to use a portion of the income for the benefit of the decedent’s sisters under certain circumstances.
At the time of the decedent’s death on April 1, 1935, only one of the three surviving sisters had issue. Four brothers and *378 one sister had predeceased the decedent, leaving issue surviving him. On the death of the life beneficiary on June 14, 1954 the three surviving sisters of the testator and certain other descendants of two predeceased brothers and one predeceased sister had died.
The question now presented is whether the “ heirs-at-law or next-of-kin ” now entitled to the remainder of the trust are those persons who would have been such as of the time of the death of the life tenant or those who were in fact the “ heirs-at-law and next-of-kin ” at the date of the death of the testator.
The court concludes that by virtue of paragraph “ Eighth ”, the testator intended to benefit those heirs and next of kin who were in being at the date of his death and who survived the life beneficiary. This position is fortified by the phrases “ surviving at that time ” and “ such surviving heirs and next-of-kin.” By necessary implication, those heirs surviving must have been such prior to the death of the life beneficiary, at the only other time they could be so classified — the date of the death of the testator. It is a rule of testamentary construction “ that in the absence of a clear distinction to the contrary, the class described by the testator as heirs and next of kin, to whom a remainder interest is given by the will, is to be ascertained as of the time of his death. This construction is not changed by the fact that a life estate may precede the bequest to the heirs at law or next of kin, nor by the circumstance that the bequest to such heirs or next of kin is contingent on an event that may or may not happen.” (Matter of White, 213 App. Div. 82, 85; see, also, Matter of Slavens, N. Y. L. J., Jan. 9,1956, p. 7, col. 7.) No one has seriously contended that the heirs of the widow, who are parties to this proceeding, have any interest in this trust.
A hearing will be held on the objections on June 18, 1956 at 10:00 a.m. Serve notice and file same on or before June 13, 1956.
Settle intermediate decree and proceed accordingly.