Pierson R. Hildreth, S.
This is an accounting proceeding in which the trustee also requests a construction of paragraph “ Fifth ” of the will in order to determine the persons entitled to the trust assets now distributable after the death of the income beneficiary.
Testatrix died January 10, 1914 leaving a will which was admitted to probate April 15, 1914. By paragraph “ Fourth ” of her will she left her residuary estate in trust, and in substance provided that income be payable to a grandnephew for life, and upon his death that the trust be distributed to such of his children or their issue in such proportions as he might by will appoint, the power of appointment being limited, however, to his children or their issue who survived him, and in default of any such will or any such appointment, that the trust pass to the children of the grandnephew and the issue of any who had died per stirpes.
By paragraph “ Fifth ” of the will testatrix provided that in case the grandnephew dies ‘1 intestate after me without lawful issue him surviving ” the trust shall be distributed to “ my heirs at law and next of kin ”. Such grandnephew died without issue on October 20, 1957, but whether or not he died intestate is questioned. The reason for the question is because he left a will under which he gave his entire estate to his mother and named her executrix. His mother, however, had predeceased him so that his will was wholly ineffective as a dispositive testamentary instrument as well as ineffective to name an executor. The will was, nevertheless, admitted to probate in another county, and letters of administration c. t. a. issued to one of his distributees who has since died.
Since the grandnephew had no children, the limited power of appointment could not have been and was not exercised and for the same reason the gift-over to children and issue of the grandnephew under paragraph “ Fourth ” in default of appointment could not take effect. The result is that testatrix must be considered intestate as to the disposition of the trust after death of the income beneficiary unless some other provision of the will prevent such intestacy. If intestacy does result distribution must be to decedent’s heirs and next of kin determined as of the date of her death in 1914. (Clark v. Cammann, 160 N. Y. 315, 329; Matter of Merritt, 280 N. Y. 391.) Likewise, since paragraph “ Fifth ” provides for a distribution of the trust only in *613 case the grandnephew dies intestate as well as without issue, intestacy must also result if the grandnephew cannot be considered as having died intestate as that word is used in such paragraph.
On the other hand, if the grandnephew did die “ intestate ” within the meaning of that word as used by the testatrix, so that distribution is to be governed by the provision of paragraph “ Fifth ”, construction is requested to determine whether “ my heirs at law and next of kin ” are to be determined as of the date of death of testatrix in 1914, or as of the date of death of the grandnephew in 1957. The distribution differs according to the determination. Paragraph “ Fifth ” provides: “ Fifth. In case said John H. Draper dies intestate after me without leaving lawful issue him surviving I direct that his two shares of my estate together with such additions as may be made thereto upon the termination of the annuities hereinbefore mentioned and of the two trust funds created for the benefit of my said nieces shall be distributed by my said trustee to my heirs at law and next of kin pursuant to the laws of the State of New York in cases of intestacy. ’ ’
The court is of the opinion that the phrase in paragraph “ Fifth ”, “to my heirs at law and next of kin ”, must be construed to mean that such are to be determined as of the date of death of testatrix in 1914. Therefore the persons now entitled to distribution of the trust assets are the same regardless of whether distribution is deemed to be by reason of intestacy arising for the reasons indicated, or whether distribution is deemed to be under paragraph “Fifth” for the reason that the grandnephew is to be regarded as having died intestate.
It is the rule that heirs at law and next of kin, in the primary and natural sense of the words, means such as are living at the date of the death of the ancestor, who in this case is the testatrix, and such rule applies in the absence of a clear indication of intent that such heirs are to be determined at a different time. (Wadsworth v. Murray, 29 App. Div. 191, affd. 161 N. Y. 274; Matter of Bump, 234 N. Y. 60; Matter of White, 213 App. Div. 82.)
It is the opinion of the court there is nothing in this will to indicate the words are not to be given their normal meaning of heirs at law and next of kin as of the date of death of the testatrix. The court accordingly determines that the disposition to “my heirs at law and next of kin” in paragraph “Fifth” means and is construed to be such heirs determined as of the date of death of the testatrix January 10, 1914.
*614 In view of this determination it would not seem necessary to determine whether or not the grandnephew is to be regarded as having died intestate as that word is used in paragraph ‘ ‘ Fifth ’ ’. Considering the word “intestate” as a single word without regard to its context, it may be said in one sense that the grandnephew did not die intestate since he did leave a will which was admitted to probate even though such will was wholly ineffective to make any disposition of any property. The court feels, however, that the word as it is used in this will is not to be interpreted in a strict or narrow sense, but must be construed with due consideration to the complete phrase in which it appears and with regard to the content of the will as a whole. The will gives every appearance of being carefully drawn and intended to be a complete disposition of the estate. It consists not only of the will made in 1911 but also a codicil made in 1912. It contains fairly elaborate provisions making bequests and disposing of the residuary estate as well as provisions for trust powers. It seems very doubtful to the court that any intestacy was intended or contemplated. It seems much more probable to the court that testatrix intended by paragraph “ Fifth” to dispose of her entire residuary estate in the event it was not or had not been disposed of under paragraph “ Fourth ” to the children of her grandnephew either by exercise of his power of appointment or by her direction that it pass to such children or their issue if the power of appointment was not exercised. Paragraph “ Fifth ” was then to apply if the grandnephew had no lawful issue. In that case he could not make a will exercising the limited power of appointment. Thus testatrix in providing for his death intestate without issue in paragraph “Fifth” undoubtedly used the word “ intestate ” in that context to cover the situation of his inability to make a will exercising the power of appointment. In such case he was to be regarded as having died intestate and the trust would go to her heirs and next of kin.
The trust remainder is therefore distributable as follows:
One half to the legal representatives of the estate of John H. Draper, a grandnephew who was living at the time of decedent’s death, but who has since died.
One fourth thereof to the representatives of the estate of Amy W. May, a niece of decedent who was living at the time of decedent’s death, but who has since died.
One fourth thereof to the representatives of the estate of Edith D. (Clark) Poirier, a niece of decedent who was living at the time of decedent’s death, but who has since died. Proceed accordingly.