## Fourth Department, July, 1971

### (July 1, 1971)

In the Matter of Sallie T. Robinson, Petitioner, v. Marine Midland Trust Company of Northern New York, Respondent.— Judgment on submitted controversy unanimously granted to the Marine Midland Trust Company of Northern New York, trustee, with costs to each party filing briefs payable out of the trust estate. Memorandum: Upon this controversy submitted pursuant to CPLR 3222 it appears that in 1939 Sallie Taylor Robinson, the settlor, created an *inter vivos* trust in which it was provided that the trustees should pay the income to her for life, and that at any time upon her written request for payment of an amount of the principal of the trust, the trustees " in their discretion ", if such encroachment of the principal seemed " wise " to them, could make such payment to her. The trust instrument further provided that upon the settlor's death the trustees should pay the remainder in accordance with the directions of her will, but if she died intestate, the same should be paid to her heirs at law and next of kin. No reason for the creation of the trust was recited in that instrument. The original trustees have been replaced by the present corporate trustee. In the petition herein the settlor alleges that the trust was set up for the purpose of securing the education of her children, that her children are now all educated and so the trust has no further purpose. Her husband joins in the petition for revocation of the trust. Since this trust was created prior to September 1, 1951 and prior to the effective date of EPTL 7–1.9, the trustee declines, without court approval to accede to the settlor's wish to terminate the trust. The issue presented is whether this trust instrument creates a remainder or a reversion following the settlor's death, and that depends upon the settlor's intent upon establishing the trust, as revealed in the instrument itself (*Matter of Burchell*, 299 N. Y. 351, 359–360; *Richardson* v. *Richardson*, 298 N. Y. 135). In *Richardson* the court carefully analyzed the various factors to be considered in determining the settlor's intent in a case of this sort and concluded that in that case a remainder was created. The instant case is so similar to *Richardson* that it is controlled thereby (see p. 144). The settlor in this trust instrument (1) made full and formal disposition of the principal, (2) made no reservation of a power to grant or assign an interest therein during her lifetime, (3) surrendered all control over the trust property except the

power to dispose of it by will and (4) made no provision for the return of any part of the principal to herself during her lifetime without permission of the trustees. Since she is entitled to no part of the principal except in the "wise" discretion of the trustee, her conditional right to principal does not change the character of the trust residue from that of a remainder to a reversion (*Matter of Maxted* v. *Marine Midland Trust Co. of N. Y.,* 5 N Y 2d 1034, affg. 5 A D 2d 614). (Submission of controversy on stipulated statement of facts to determine whether trust may be terminated.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ.