In the Matter of BANK OF NEW YORK, as Trustee under a Trust Created by AIMEE C. GOURAUD, Respondent. RONALD S. LOCKHART, as Surviving Executor of WALTER M. RUSSELL, Also Known as GERALD RUSSELL, Deceased, Appellant; JENNY F. N. LEARNED et al., Respondents.

First Department, March 23, 1982

#### APPEARANCES OF COUNSEL

*Ronald S. Lockhart, pro se* (*Alger, Andrew & Rohlfs,* attorneys), for appellant.

*John R. Alexander* of counsel (*Sayles, Evans, Brayton, Palmer & Tifft,* attorneys), for Jenny F. N. Learned and others, respondents.

*Stephen Lochner* of counsel (*Rockwood, Edelstein & Duffy, P. C.,* attorneys), for Edward S. Crocker and others, respondents.

#### OPINION OF THE COURT

LYNCH, J.

This is a proceeding for the settlement of the final account of the Bank of New York as trustee of an *inter vivos* and a testamentary trust, both created by Aimee

Crocker Gouraud. There are no objections to the accounts as such, but the trustee has sought a determination of the persons entitled to the remainder.

In 1933, Mrs. Gouraud created the *inter vivos* trust to terminate on the death of her grandson, Russell. The income was payable for the lives, first, of Russell's mother, and then of Russell. On the latter's death without issue the remainder was to be paid over to Mrs. Gouraud, if living, and otherwise to her estate. Mrs. Gouraud died in 1941, Russell's mother in 1947, and Russell in 1976 without issue. Thus, the remainder became payable to Mrs. Gouraud's estate.

After specific bequests, Mrs. Gouraud's will directed that her residuary estate be divided into two equal trusts, which Special Term denominated Trusts A and B. The income of Trust B was payable to Russell for his life, and on his death, if his mother had predeceased him, the remainder became payable to Mrs. Gouraud's next of kin and heirs at law. The disposition of this remainder is undisputed.

The income of Trust A was payable to Russell's mother for her life with the remainder to Russell on her death if he survived her. The appellant, the executor of Russell's estate, contends that Russell, having survived his mother, became the absolute legatee of one half of Mrs. Gouraud's residuary estate and thus that he is entitled to one half of the remainder of the *inter vivos* trust that is payable to that estate. Seemingly troubled by the fact that under the terms of the will Russell would become a remainderman of an *inter vivos* trust of which he was an income life beneficiary, Special Term held that the appellant's contention "[w]hile seeming logical, on its face * * * is supported only by a literal, mechanistic interpretation of the language employed in the will. It produces a thoroughly anomolous, unsatisfactory result." So minded, Special Term felt called upon to analyze the will alone and in its relationship with the *inter vivos* trust in an effort to ascertain Mrs. Gouraud's intention and her motives respecting the disposition of the remainder of Trust A. It concluded that her intention was to benefit her living heirs, excluding any intention to benefit Russell's estate. It directed that the remainder of the trust be paid to Mrs. Gouraud's heirs at law.

Stating that a decedent is presumed to intend to benefit living persons, citing *Matter of Potter* (68 Misc 2d 745, affd 41 AD2d 1025), Special Term noted that the *inter vivos* trust gave no contingent remainder to Russell or his estate, but in *Matter of Potter* the question posed was when a remainder vested in the absence of any indication as to the time of vesting in the governing instrument. A similar question was posed in *Matter of Herrick* (9 Misc 2d 938) relied upon by the respondents. Here, the governing instrument, Mrs. Gouraud's will, created a trust for the life of Russell's mother and directed that the principal be paid on her death to Russell if then living.

We find nothing "anomolous", "unsatisfactory", or incongruous in one being a remainderman of a trust of which he is a life beneficiary (see *United States Trust Co. v Taylor,* 193 App Div 153, 156; *Matter of White,* 213 App Div 82; *Safford v Kowalik,* 278 App Div 604).

Special Term had no warrant to resort to principles of construction to determine the disposition of the remainder. The *inter vivos* trust agreement clearly and explicitly directed that upon Russell's death the remainder be paid to Mrs. Gouraud's estate. Her will gave Russell a one-half interest in her residuary estate contingent only upon his surviving his mother. Russell's death subsequent to the death of his mother clearly establishes the entitlement of his estate. Where language is unambiguous and supports a reasonable meaning, it must be accepted as manifesting the grantor's intention; the court is bound and the canons of construction do not come into play (*Matter of Bisconti,* 306 NY 442).

Upon settlement of the judgment, Special Term awarded attorneys' fees payable from the *inter vivos* trust to the respondent parties before it, exclusive of the appellant. Under the judgment appealed from the appellant has no interest in the principal of the *inter vivos* trust fund and thus no standing to object to the award of such fees. In view, however, of our modification of the judgment to the extent appealed from, there should be a redetermination of the fees to be awarded and allocation thereof among the several funds.

Judgment, Supreme Court, New York County (MARTIN EVANS, J.), entered September 3, 1981, to the extent that it determined that all of the remainder of an *inter vivos* trust be paid to the heirs at law and surviving next of kin of the grantor of the trust and charging attorneys' fees against said remainder of the *inter vivos* trust, modified, on the law, to direct that one half of the remainder of the *inter vivos* trust be paid to appellant Lockhart as surviving executor of the estate of Walter Morgan Russell, deceased, and the matter of the award of attorneys' fees remanded to Special Term for reconsideration, with costs and disbursements payable out of the estate of Aimee Crocker Gouraud.

KUPFERMAN, J. P., SULLIVAN, LUPIANO and FEIN, JJ., concur.

Judgment, Supreme Court, New York County, entered on September 3, 1981, unanimously modified, on the law, to direct that one half of the remainder of the *inter vivos* trust be paid to appellant Lockhart as surviving executor of the estate of Walter Morgan Russell, deceased, and the matter of the award of attorneys' fees remanded to Special Term for reconsideration, with costs and disbursements payable out of the estate of Aimee Crocker Gouraud.