■ In the Matter of the Estate of EDWARD AKULLIAN, JR., Deceased. DAVID McKENDRICK, as Executor of EDWARD AKULLIAN, JR., Deceased, Respondent; WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, Appellant.—Kane, J. P. Appeals from two decrees of the Surrogate's Court of Delaware County (Estes, S.), entered August 28, 1989, which, *inter alia,* settled the account of petitioner as executor of the estate of Edward Akullian, Jr.

In December 1985, Edward Akullian, Jr. (hereinafter decedent) sustained severe injuries in an automobile accident which left him in a persistent vegetative state. In December 1986, Patricia Akullian, his wife and the conservator of his property, successfully petitioned the County Court of Delaware County for leave to transfer his assets for the benefit of herself and the couple's three minor children. In May 1987, Akullian obtained a judgment of divorce providing for an extensive property settlement. In June 1987, an application for medical assistance was made on behalf of decedent to the Delaware County Department of Social Services (hereinafter the Department). Although the Department initially denied the application for medical assistance due to reasons not here relevant, the matter was resolved following a fair hearing and the Department apparently paid $22,692.78 in medical assistance for decedent from June 1987 until his death in March 1988.

In April 1988, respondent filed a claim against decedent's estate to recover amounts spent for decedent's medical assistance. Petitioner, as executor of the estate, rejected the claim as barred by Social Services Law § 369. Respondent then filed objections to petitioner's accounting, alleging that the medical assistance granted on behalf of decedent was incorrectly paid. Surrogate's Court dismissed respondent's objections, concluding, *inter alia,* that the claim against the estate was barred by Social Services Law § 369 (1) (b). Respondent now appeals from the decree dismissing his objections and from the decree judicially settling the account.

Finding the arguments forwarded by respondent meritless, we affirm. Social Services Law § 369 (1) (b) precludes recovery of any medical assistance *correctly* paid except under certain statutory circumstances not relevant here. On this appeal, respondent claims that the Department *incorrectly* paid medi-

cal assistance on behalf of decedent. Respondent contends that, within the 24-month period preceding the date of application, two court orders, one granting leave to transfer decedent's assets and one procuring the divorce, were obtained for the purpose of qualifying for medical assistance, rendering the assets nonexempt and decedent ineligible (see, Social Services Law § 366 [5] [b] [2]). It is undisputed, however, that at the time application was made for medical assistance on decedent's behalf, the Department was well aware of the order in the conservatorship proceeding and the judgment in the divorce proceeding. The Department, however, failed to raise any concerns regarding the transfers, although affirmatively bound by law to determine eligibility for medical assistance pursuant to all applicable sections of the statute (see, Social Services Law § 131 [1]; §§ 363, 365, 366-a [2]). Respondent argues that, at the time of the application, the Department, in order to "object" to decedent's eligibility because of the transfers, would have "necessarily" had to object to the order and judgment rendered in the two court proceedings. We, however, cannot comprehend why that should be the case and respondent offers no explanation therefor in his brief.

In our view, in determining decedent's eligibility, the Department was not required to challenge the *validity* of those dispositions in order to question the intended objective of the subject transfers made thereunder. Rather, the Department was mandated to focus on the *purpose* of the transfer and not the validity of how it was effectuated (see, Social Services Law § 366 [5]). In any event, the Department found decedent eligible for medical assistance and does not now argue that any fraud or misrepresentation occurred in the application therefor (cf., *Matter of Galcia*, 59 Misc 2d 511). In our view, those circumstances are, in this instance, tantamount to assistance "correctly paid" (Social Services Law § 369 [1] [b]). Accordingly, we find that the purely conclusory allegations contained in respondent's objections to the accounting, none of which allege that the transfers involved nonexempt assets, were insufficient to grant the relief requested.

Curiously, respondent also argues that the Department "was precluded from denying medical assistance to the decedent pursuant to the mandates of [Social Services Law § 366 (3) (a)]". According to that section, "[m]edical assistance shall be furnished to applicants in cases where, although such applicant has a responsible relative with sufficient income and resources to provide medical assistance * * * the income and resources of the responsible relative are not available" (Social

Services Law § 366 [3] [a]). The statute's applicability to the instant case alludes us, as decedent was divorced and had three minor children at the time of the application. In light of the foregoing, the decrees should be affirmed.

Decrees affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.