■ WENDY BOURGEOIS, as Commissioner of Cattaraugus County Department of Social Services, Appellant, v JAMES P. STADTLER, Individually and as Trustee of the LOUIS A. STADTLER TRUST, et al., Respondents. [685 NYS2d 166] —Order and judg-

ment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action to recover from the assets of the Louis A. Stadtler Trust medical assistance benefits paid on behalf of defendant Louis A. Stadtler (Louis) and his wife, Dorothy. The trust, created in 1991, provides that the beneficial interests of Louis and Dorothy would each terminate either upon death or one day prior to his or her admission to a nursing home. When the events triggering termination of the interests of both Louis and Dorothy occurred, the trust terminated and the remaining principal was to be distributed to defendants James P. Stadtler and Michael L. Stadtler, the adult sons of Louis and Dorothy. Louis entered a nursing home in November 1994, and the trust terminated when Dorothy entered the nursing home in January 1996. Upon their admission to the nursing home, Louis and Dorothy applied for and received medical assistance benefits through Medicaid. Plaintiff seeks to prevent the distribution of the trust assets to the trust beneficiaries on the grounds that the trust was created as a fraudulent conveyance under Debtor and Creditor Law §§ 275 and 276 and is void as against plaintiff pursuant to EPTL 7-3.1 (a).

Supreme Court properly denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment dismissing the complaint. Under both Federal and State law, plaintiff's recovery of medical assistance correctly paid is precluded except under limited circumstances not applicable here (see, 42 USC § 1396p [b] [1]; Social Services Law § 369 [2]; *Matter of Craig*, 82 NY2d 388, 391; *Matter of Akullian*, 167 AD2d 596; *Matter of Rhodes*, 148 Misc 2d 744, 746). Louis and Dorothy were eligible for medical assistance under the standards in effect at the time of their application, and their benefits were correctly paid (see, *Matter of Akullian, supra*, at 597). Thus, plaintiff may not recover those benefits by seeking to set aside the trust as a fraudulent conveyance under the Debtor and Creditor Law (*cf., Crabb v Mager*, 66 AD2d 20, 23) or a void self-settled trust under the EPTL. Further, legislation subsequently enacted to foreclose the use of a "trigger trust" as a Medicaid planning device does not apply retroactively to invalidate the Louis A. Stadtler Trust (see, Pub L 103-66, 107 US Stat 622 [amendments to 42 USC § 1396p (c), (d) and (e) do not apply to trusts established on or before Aug. 10, 1993]; L 1992, ch 41, § 165 [i] [EPTL 7-3.1 (c) applies only to trusts created on or after Apr. 2, 1992]). (Appeal from Order and Judgment of Supreme Court, Cattaraugus County,

Feeman, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.