OPINION OF THE COURT
Joseph Gerace, J.
This is a petition pursuant to article 78 of the CPLR. Petitioner seeks to reverse the determination of the respondents, reached after a fair hearing before the State Department of Health, denying petitioner’s application for medical assistance (MA). At issue is whether or not petitioner’s failure to *710 exercise an option to name herself as beneficiary of a living trust can be considered a transfer of assets for the purpose of qualifying for MA.
In 1986, petitioner established an irrevocable trust to protect her assets. The trust provided that the trustees could provide the petitioner with income and principal to maintain her standard of living as long as she was not in a nursing home or similar facility. Once she entered such a facility, the trust would terminate and remaining assets would be distributed to the beneficiaries. New York law no longer allows such “trigger trusts.” Those created before 1992, however, remain valid. (EPTL 7-3.1 [c].)
The trust also contained a provision allowing the petitioner to change the trust’s beneficiaries:
“The Grantor reserves unto herself the right to change, at any time prior to the termination of this trust, paragraph ‘2(f)’ [naming beneficiaries] herein and to designate as remainder beneficiary or beneficiaries any person, persons or charitable entity, other than Grantor’s spouse, the Grantor’s or her spouse’s creditors, creditors of the Grantor’s estate, or the Grantor’s estate.”
It is this clause that currently stands between petitioner and MA benefits. The clause very conspicuously does not prevent her from naming herself as the beneficiary. It is the position of the respondent, Chautauqua County Department of Social Services, and it was held by the State Department of Health after the fair hearing, that the trust proceeds were available to the defendant and that, because she failed to take action to obtain them for the purpose of paying for her medical care, she had made a transfer to qualify for MA. Such a transfer requires the imposition of a penalty period during which petitioner cannot receive benefits; in this case, 481/2 months.
“It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Howard v Wyman, 28 NY2d 434, 434 [1971] [internal citation omitted].) This is the standard that the court must apply.
Petitioner argues that the failure to exercise her retained power of appointment does not constitute a transfer of funds. She relies upon this court’s decision in Spetz v New York State Dept. of Health (190 Misc 2d 297 [Sup Ct, Chautauqua County 2002]), in which such a ruling was made. Spetz, however, involved a very different trust. Unlike the trust in that case, *711 petitioner’s trust allowed the trustees to use income and principal to maintain her standard of living and petitioner retained the power to name herself as beneficiary. These differences go to the very heart of the rationale upon which the Spetz decision was based. Mr. Spetz had no power to name himself as a beneficiary and the trustees had no power to pay income or principal for his benefit.
Given the direction in the trust that the trustees were to use income and principal to maintain petitioner’s standard of living, and petitioner’s power to claim for herself all remaining assets of the trust at termination by naming herself as beneficiary, the court must rule that the trust assets were within her control and, therefore, constituted available resources as defined by the State’s Medicaid regulations. (18 NYCRR 360-2.3 [c] [1] [in determining eligibility the agency “must consider only available income and resources”]; 360-4.4 [b] [1] [the term “available resources” includes “all resources in the control of the applicant/recipient. It also includes any resources in the control of anyone acting on the applicant’s/recipient’s behalf such as a guardian, conservator, representative or committee”].)
Of course, at the time petitioner applied for MA, she had already been admitted to a skilled nursing facility and, therefore, the trust had terminated. There were no assets actually available to petitioner at that time. However, section 366 (5) (a) of the Social Services Law provides that “[i]n determining the initial or continuing eligibility of any person for assistance under this title, there shall be included in the amount of resources considered available to such person the uncompensated value of any resource transferred prior to the date of application for medical assistance.” The New York State regulations regarding transfers provide that assets to be considered under this statute include “all income and resources of the individual and of the individual’s spouse, including income or resources to which the individual or the individual’s spouse is entitled but does not receive because of any action or inaction [by the individual or spouse].” (18 NYCRR 360-4.4 [c] [2] [i] [a].) Thus, the failure of petitioner to take action to receive the trust assets, if such an action was possible under the trust, would make her ineligible for benefits.
Petitioner argues, however, that despite the fact that the trust’s language does not prohibit her from naming herself as beneficiary, her intention was that she should not be able to do so. She asserts that the court’s duty in interpreting the trust is to implement the intentions of the settlor. (See, Matter of *712 Asserson, 184 Misc 2d. 480 [Sur Ct, Nassau County 2000].) However, “[w]here language is unambiguous and supports a reasonable meaning, it must be accepted as manifesting the grantor’s intention; the court is bound and the canons of construction do not come into play.” (Matter of Gouraud, 85 AD2d 342, 344 [1st Dept 1982], affd 59 NY2d 925 [1983]; Matter of Andrews v Trustco Bank, 289 AD2d 910 [3d Dept 2001].)
There is nothing ambiguous about the terms of this trust. The language is clear and none of the provisions are contradictory. Petitioner now seeks to have the court interpret the trust in the way she wishes, in hindsight, it had been written, rather than in the way it was written. The terms of this trust could reasonably be interpreted as having been intended to preserve sufficient funds for petitioner to pay for nursing home care if it became necessary. This would explain the reservation of the right to name herself as beneficiary and the termination of the trust upon her entering into a skilled care facility.
The court expresses no opinion as to whether or not this interpretation was, in fact, intended by petitioner at the time she created the trust. The court determines only that a reasonable interpretation exists, based upon the plain, unambiguous language of the instrument, so that there is no need to apply any further rules of construction to understand the settlor’s intent.
Contrary to petitioner’s argument, respondent’s decision does not impose a double penalty upon her. She argues that she was subjected to a period of ineligibility at the time she created the trust and, therefore, should not be subjected to another now. This is incorrect. Petitioner might have been subjected to a period of ineligibility, had she been institutionalized and applied for MA shortly after creating the trust. She did not, and we do not know what action respondent might have taken had she done so. The court must rule based upon the facts before it, not speculation about what might have happened had things gone differently.
Petitioner also asserts that respondent New York State Department of Health violated the principal of administrative stare decisis because its decision here was in contradiction of its decision in Matter of F.B. (Decision No. 2558592K, May 1997). Petitioner asserts that the change of beneficiary language in the trust involved there was identical to the trust presently before the court. No proof of this is submitted, however. The decision in Matter of F.B. did not discuss the ef *713 feet of the settlor retaining the power to name him or herself as beneficiary. The only statement regarding a power of appointment is “[t]he Grantor only reserved the right to change the remainder beneficiary without retaining any control of the assets during the life of the trust.” That language is not enough to show that the trust being considered was identical to the one in the present case, or that the same issues raised here were considered then. Therefore, there is no violation of stare decisis.
Finally, petitioner argues that she would suffer a hardship if the respondent’s decision is upheld, because she now has no funds to pay for her care. In order to establish undue hardship, petitioner must establish that: (1) she is otherwise eligible for MA; (2) she is unable to obtain appropriate medical care without the provision of MA; and (3) despite her best efforts, she is unable to have the transferred asset returned or to receive fair market value for the asset. Best efforts include cooperating, as deemed appropriate by the commissioner of the social services district, in efforts to seek the return of the asset. (18 NYCRR 360-4.4 [c] [2] [iii] [e].)
No evidence has been submitted to establish any of these elements. It was petitioner’s burden to establish her entitlement to an exception based upon undue hardship and she has not done so.
Respondent’s decision was neither irrational nor unreasonable and must be upheld.
It is, therefore, ordered that the petition is dismissed.